FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 09 2005 ★

LONG ISLAND OFFICE

May 5, 2005

United States District Court - E.D.N.Y.
U.S. Courthouse - 1000 Federal Plaza
Central Islip, N.Y.  11722

Re: U.S. v. VONDETTE,  CR-97-1010 (TCP);  Resentencing

Dear Clerk For The Court,

        Enclosed please find the following documents:

1.  MOTION REQUESTING COURT TO ISSUE ORDERS MANDATING THAT
    DEFENDANT REMAIN AT BOP FACILITY; AND BE AFFORDED
    ADDITIONAL LAW LIBRARY ACCESS.   [with annexed AFFIDAVIT IN SUPPORT]

2.  CERTIFICATE OF SERVICE.

3.  Letter Motion to the Honorable Judge Platt.

4.  CERTIFICATE OF SERVICE.

5.  This Court Clerk cover-letter.


        Please date-stamp as docketed pursuant to the Court's Rules,
at your first convenience.

        Thank you for your time, courtesy, and consideration in this
matter.



                              Respectfully submitted,



                              Michael Vondette - Defendant pro se
                              3901 Klein Blvd., #50936-198
                              U.S.P. Lompoc, CA 93436-2706

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 09 2005 ★

LONG ISLAND OFFICE

May 5, 2005

The Honorable Judge Platt
United States District Court - E.D.N.Y.
1000 Federal Plaza - U.S. Courthouse
Central Islip, N.Y.  11722

Re: <u>Resentencing -- D.C. #CR-97-1010 (TCP); Appeal #02-1528 (L);</u>
<u>Supreme Court #04-6228 --- Letter Motion</u>

Dear Honorable Judge,

    The Defendant in the above listed case, Michael Vondette, now
proceeding <u>pro se</u>, hereby respectfully submits the herein letter-motion
concerning the up-coming resentence in this case.

    It has come to my attention that I am apparently scheduled for
resentencing on May 13, 2005; in spite of the fact that I was never
properly, nor formally given "notice" or notified of the hearing.

    Therefore, I submit this letter-motion to preserve all my legal
rights, and to inform this Honorable Court of my intentions.  This letter-
motion is submitted pursuant to the Fifth Amendment's Due Process Clause;
and will be followed by a more complete and in-depth Omnibus Motion,
under separate cover, that will set forth the legal arguments and law.

    The gravamen of this instant letter-motion is that pursuant to
the U.S. Constitution's Fifth Amendment, Rules 43, 32, and 33 of the
Federal Rules of Criminal Procedure, and Supreme Court or Second Cir-
cuit controlling case-law; the Defendant respectfully puts forth the
following claims, as a matter of law, to wit: 1) the Defendant must be
present for all proceedings that in any way affect his substantive le-
gal rights including his resentence, [and] must be allowed to "allocute"
on-the-record regarding this Court's sentencing decisions; 2) the Defen-
dant hereby respectfully requests that his "resentencing" be postponed
(adjourned) for ninety(90) days to permit <u>pro se</u> Defendant time to prepare
and file relevant and material pleadings pertaining to the instant re-
sentencing; 3) the Defendant hereby formally "objects" to the now
clearly erroneous and "factually incorrect" Presentence Investigation
Report ("PSI")[i.e. post-<u>Booker</u> spurious and unsubstantiated allega-
tions that were illegally 'bootstrapped-in' as straw-man "facts"] --
which must now be prepared anew for resentencing; 4) the Defendant shall
be permitted to "supplement" his original Rule 33 Motion for a New Trial;
and 5) the Defendant shall be permitted to submit any other pleadings,
as to this case are relevant and or material, in order to raise, pro-
tect, and preserve all his legal rights and issues.

    Moreover, this case is unique in that this Honorable Court has
deemed it "complex", and indeed maintained that guise of complexity for
the 4½ YEARS of pre-trial [over Defendant's repeated objections] -- and
thus this Court cannot now, in good faith, claim otherwise.

-1-

Honorable Judge Platt
Resentencing - May 5, 2005
Page 2


        Accordingly, and for reference purposes the Defendant would
respectfully put forth <u>United States v. Fagans</u>, 2005 WL 957187 (April
27, 2005) from the Second Circuit; <u>United States v. Arrous</u>, 320 F.3d
355 (2nd Cir. 2003); <u>United States v. Li</u>, 115 F.3d 125 (2nd Cir. 1997);
and <u>United States v. Gagnon</u>, 470 U.S. 522, 105 S.Ct. 1482 (1985)(per
curiam).


        Furthermore, the Defendant would also respectfully inform and
notify this Honorable Court of his intentions, if necessary, to file
expedited "interlocutory appeals" on the relevant issues; in order for
the Court to coordinate its calendar and or scheduling concerns, as to
this Court deems fair and just.


        The Defendant <u>pro se</u> hereby affirms the truth of the herein
letter-motion, under the penalties of perjury, pursuant to 28 U.S.C.
§1746.  And hereby informs this Court that I am proceeding with ALL
rights reserved.

        WHEREFORE, the Defendant, pursuant to all the foregoing, hereby
respectfully requests this Honorable Court to consider and in those
applicable issues grant the legal matters and or relief within this
letter-motion in the fair administration of justice.  The herein is
hereby interposed in good faith and not for delay.




                        Respectfully submitted,



                        N/VonDSAG


                        _____
                        Michael Vondette - defendant <u>pro se</u>
                        3901 Klein Blvd., #50936-198
                        U.S.P. Lompoc, CA  93436-2706

May 5, 2005


The Honorable Judge Platt
United States District Court - E.D.N.Y.
1000 Federal Plaza - U.S. Courthouse
Central Islip, N.Y.  11722


Re: Resentencing -- D.C. #CR-97-1010 (TCP); Appeal #02-1528 (L);
        Supreme Court #04-6228 --- Letter Motion


Dear Honorable Judge,

    The Defendant in the above listed case, Michael Vondette, now
proceeding pro se, hereby respectfully submits the herein letter-motion
concerning the up-coming resentence in this case.

    It has come to my attention that I am apparently scheduled for
resentencing on May 13, 2005; in spite of the fact that I was never
properly, nor formally given "notice" or notified of the hearing.

    Therefore, I submit this letter-motion to preserve all my legal
rights, and to inform this Honorable Court of my intentions.  This letter-
motion is submitted pursuant to the Fifth Amendment's Due Process Clause;
and will be followed by a more complete and in-depth Omnibus Motion,
under separate cover, that will set forth the legal arguments and law.


    The gravamen of this instant letter-motion is that pursuant to
the U.S. Constitution's Fifth Amendment, Rules 43, 32, and 33 of the
Federal Rules of Criminal Procedure, and Supreme Court or Second Cir-
cuit controlling case-law; the Defendant respectfully puts forth the
following claims, as a matter of law, to wit: 1) the Defendant must be
present for all proceedings that in any way affect his substantive le-
gal rights including his resentence, [and] must be allowed to "allocute"
on-the-record regarding this Court's sentencing decisions; 2) the Defen-
dant hereby respectfully requests that his "resentencing" be postponed
(adjourned) for ninety(90) days to permit pro se Defendant time to prepare
and file relevant and material pleadings pertaining to the instant re-
sentencing; 3) the Defendant hereby formally "objects" to the now
clearly erroneous and "factually incorrect" Presentence Investigation
Report ("PSI")[i.e. post-Booker spurious and unsubstantiated allega-
tions that were illegally 'bootstrapped-in' as straw-man "facts"] --
which must now be prepared anew for resentencing; 4) the Defendant shall
be permitted to "supplement" his original Rule 33 Motion for a New Trial;
and 5) the Defendant shall be permitted to submit any other pleadings,
as to this case are relevant and or material, in order to raise, pro-
tect, and preserve all his legal rights and issues.

    Moreover, this case is unique in that this Honorable Court has
deemed it "complex", and indeed maintained that guise of complexity for
the 4½ YEARS of pre-trial [over Defendant's repeated objections] -- and
thus this Court cannot now, in good faith, claim otherwise.

Honorable Judge Platt
Resentencing - May 5, 2005
Page 2


    Accordingly, and for reference purposes the Defendant would
respectfully put forth United States v. Fagans, 2005 WL 957187 (April
27, 2005) from the Second Circuit; United States v. Arrous, 320 F.3d
355 (2nd Cir. 2003); United States v. Li, 115 F.3d 125 (2nd Cir. 1997);
and United States v. Gagnon, 470 U.S. 522, 105 S.Ct. 1482 (1985)(per
curiam).


    Furthermore, the Defendant would also respectfully inform and
notify this Honorable Court of his intentions, if necessary, to file
expedited "interlocutory appeals" on the relevant issues; in order for
the Court to coordinate its calendar and or scheduling concerns, as to
this Court deems fair and just.


    The Defendant pro se hereby affirms the truth of the herein
letter-motion, under the penalties of perjury, pursuant to 28 U.S.C.
§1746.  And hereby informs this Court that I am proceeding with ALL
rights reserved.

    WHEREFORE, the Defendant, pursuant to all the foregoing, hereby
respectfully requests this Honorable Court to consider and in those
applicable issues grant the legal matters and or relief within this
letter-motion in the fair administration of justice.  The herein is
hereby interposed in good faith and not for delay.




                    Respectfully submitted,



                    _____
                    Michael Vondette - defendant pro se
                    3901 Klein Blvd., #50936-198
                    U.S.P. Lompoc, CA  93436-2706

# CERTIFICATE OF SERVICE

I,  __MICHAEL  VONDETTE__                    hereby certify that I have served a true and correct copy of the following:                        Re: Case No. CR-97-1010 (TCP)
                                                    Appeal No. 02-1528 (L)
                                                    Supreme court No. 04-6228


             Letter Motion to the Honorable Judge Platt


Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, _Houston v. Lack_, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

U.S Attorneys Office
200 Federal Plaza - U.S. Courthouse
Central Islip, N,Y, 11722

      with an original and one copy sent to the Court as follows:
U.S. District Court - E.D.N.Y.
1000 Federal Plaza - U.S. Courthouse
Central Islip, N.Y. 11722


and deposited same in the United States Postal Mail at the United States Penitentiary, Lompoc, California, on this: ___5th_____ day of: ____MAY_____, 2005


                              _____
                              Michael Vondette
                              Defendant pro se
                              _____
                              3901 Klein Boulevard
                              Lompoc, California 93436

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 09 2005 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————x

UNITED STATES OF AMERICA,

                       Plaintiff,

    -vs-

MICHAEL VONDETTE,

                     Defendant.

————————————————————x

CASE NO. CR-97-1010 (TCP)
APPEAL NO. 02-1528 (L)
SUPREME COURT NO. 04-6228

MOTION REQUESTING COURT TO
ISSUE ORDERS MANDATING THAT
DEFENDANT REMAIN AT BOP FED-
ERAL FACILITY; AND BE AFFORDED
ADDITIONAL LAW LIBRARY ACCESS

     NOW COMES MICHAEL VONDETTE, Defendant in the above-captioned case proceeding pro se ("Defendant"), and hereby respectfully moves this Honorable Court located at the United States Courthouse at 600 Federal Plaza, Central Islip, New York, on May 13, 2005, at 10:30, or as soon thereafter as counsel and the Motion can be heard, to issue Order(s): 1) mandating that the Defendant pro se must remain at a BOP Federal fa- cility (e.g., MDC Brooklyn, MCC Manhattan) throughout his entire p/re- sentencing proceedings; and 2) that the Defendant pro se be afforded maximum additional access to the Federal (BOP) Law Library as is practi- cal pursuant to said Federal facility's policies.

     The herein Motion is based upon the instant Motion with incorpor- ated memorandum of law and argument(s), together with the annexed Affi- davit in support thereof, with all the files, records, papers, and pro- ceedings heretofore had herein; [and] is respectfully submitted pursuant to the U.S. Constitution's Fifth (Due Process and Equal Protection Clau- ses) and Sixth Amendments and Rule 47 of the Federal Rules of Criminal Procedure.

     The gravamen of the instant Motion is that the Defendant pro se must be allowed, if not guaranteed, sufficient and 'adequate' access to a proper Federal (BOP) facility Law Library in order to be legally affor- ded the means by which to defend himself; [that is, while detained in New York concerning any and all criminal proceedings relating to this case].

-1-

**ARGUMENT**

## I. This Honorable Court Deemed The Instant Case "Complex" Thereby Mandating Proper Federal Law Library Access For The Pro Se Defendant.

Indeed, this Court deemed this case "complex" [albeit over the Defendant's repeated objections] and maintained that guise of 'complex-tiy' for most of the four-plus (4½) years of pre-trial, as is clearly documented within the case records and files.

Since this Court has repeatedly alleged this case to be "complex", it can not now, in good faith, allege that the pro se Defendant has no need of a proper Federal Law Library to research and prepare his p/re-sentencing pleadings.  To deny the pro se Defendant reasonable and adequate access to a Federal facility Law Library would violate his Fifth Amendment Due Process rights.  See, e.g., Higgins v. Beyer, 293 F.3d 683 (3rd Cir. 2002); Bribiesca v. Galaza, 215 F.3d 1015 (9th Cir. 2000).

## II. Pro Se Defendant Requires Proper "Access To The Courts" And The "Means By Which To Defend Himself".

The U.S. Supreme court has stated, "It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977).  This right of 'access' includes access to a proper Federal Law Library (in this case) that is "adequate, effective, and meaningful."  Id. at 822.  See also, Gomez v. Vernon, 255 F.3d 1118 (9th cir. 2001).

It is beyond cavil that an alleged quasi-law library in, for example a County jail, is clearly inadequate for a Federal pro se Defendant [as here] to properly research and prepare his pleadings -- particularly involving this allegedly "complex" case with its many Constitutional, Supreme Court, and Federal Statutory issues within its clearly erroneous and unconstitutional sentence, if not the conviction itself.

-2-

In short, in order to provide the pro se Defendant with his Constitutional "means by which to defend himself" and proper "access to the courts", he must be afforded both access to a substantial [BOP] Federal facility based Law Library [and] afforded additional access-time (as is practical) to said Law Library.  See, e.g., Wilson v. Yaklich, 148 F.3d 596 (6th cir. 1998)(Access to the courts and law library to be afforded inmate must be adequate, effective, and meaningful.).

### III.  This Court Has Previously Issued An Order Requesting Additional Law Library Access For The Pro Se Defendant In This Case.

Indeed, based upon information and belief, this Court in 1999 issued an Order requesting for additional Law Library access for the pro se Defendant while detained pre-trial at MDC Brooklyn.

Consequently, this Court has recognized the need and legal requirement to provide this pro se Defendant, in this instant case, with additional law library access to properly address the relevant and material legal issues at hand.

### IV.  The U.S. Constitution's Equal Protection Clause Supports The Instant Motion.

The Equal Protection Clause is essentially a direction that all persons similarly situated should be treated alike, see, Brown v. City of Oneota, N.Y., 195 F.3d 111 (2nd Cir. 1999); and pursuant to Wolff v. McDonnell, 418 U.S. 539 (1974); Lee v. Washington, 390 U.S. 333 (1968) "equal protection" applies to prison conditions.

Here, the vast majority of Federally convicted individuals are "housed" (i.e. incarcerated) in BOP Federal facilities replete with an incorporated [as required by law] Law Library -- thereby "similarly situated" to the Defendant, who is also convicted of a Federal offense. Thus, to extradite the Federal pro se Defendant, against his clearly articulated wishes, against his will, and contrary to his best legal

interests to, for example, a County jail; would be in violation of his "equal protection" rights.

### V. Pro Se Defendant Has Several On-Going Federal Litigations Requiring Continued Access To An Adequate Federal Law Library.

The Supreme Court has determined that there is a separate right to defend oneself pro se, which is protected by the Sixth Amendment, see, Faretta v. California, 422 U.S. 806 (1975).

Here, not only was the Defendant forced to proceed pro se at his second trial, and now continues pro se at his p/re-sentencing; but he has three(3) on-going Federal litigations within which he is pro se as well.

One of these actions is a habeas corpus petition under 28 U.S.C. §2241 in the U.S. District Court in the Central District of California; where also a Federal Tort Claim based action is filed. In addition to which, an action against the FBI pursuant to the Privacy Act is pending in the U.S. District Court in Washington D.C.

Therefore, these three(3) pending Federal actions, in conjunction with the instant Federal p/re-sentencing pleadings [in this Court alleged "complex" case] would clearly demonstrate an obvious need for the pro se Defendant to have proper access to an "adequate" and legally sufficient Federal Law Library in order to sustain his Sixth Amendment rights, among others. See, e.g., Rand v. rowland, 154 F.3d 952 (9th Cir. 1998); Boguslavsky v. Kaplan, 159 F.3d 715 (2nd Cir. 1998).

WHEREFORE, pursuant to and based upon all the foregoing, the Defendant respectfully moves this Honorable Court to grant the herein Motion and Issue the requested Order(s); moreover, the Defendant Michael Vondette hereby swears and affirms the truth of the herein under the penalties of perjury, pursuant to 28 U.S.C. §1746.

-4-

Dated: Lompoc, California
       May 2, 2005

Respectfully submitted,

Michael Vondette - Defendant pro se
3901 Klein Blvd., 350936-198
U.S.P. Lompoc, CA 93436-2706

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————x
UNITED STATES OF AMERICA,      :      CASE NO. CR-97-1010 (TCP)
                  Plaintiff,   :      APPEAL NO. 02-1528 (L)
                               :      SUPREME COURT NO. 04-6228
   -vs-                        :
                               :
                               :
MICHAEL VONDETTE,              :      AFFIDAVIT IN SUPPORT OF MOTION
                               :      REQUESTING COURT ORDER(S) PER-
                  Defendant.   :      TAINING TO PROPER ACCESS TO A
————————————————————x          FEDERAL LAW LIBRARY

I, Michael Vondette, the Defendant in the above-captioned case,
do hereby swear and affirm, under the penalties of perjury, to the truth
of the following, pursuant to 28 U.S.C. §1746, to wit:

1. That I am Michael Vondette, Defendant pro se in the above-
captioned case; and hereby respectfully submit the within Affidavit in
support of the instant Motion.

2. That I am indeed proceeding pro se in my p/re-sentencing;
[and] that I am indeed pro se on the three(3) Federal litigations de-
lineated within the body of the instant Motion.

3. That this Court did indeed deem the instant case "complex"
[over my repeated 'objections']; which clearly supports my requirement
for an "adequate" and sufficient Federal (BOP) Law Library in order to
properly research and prepare my p/re-sentencing pleadings.

4. That there are several Constitutional, U.S. Supreme Court,
and Federal Statutory errors within the now " vacated" sentence, which
will require extensive pleadings and hearings to resolve -- thereby
necessitating my access to an adequate Federal(BOP) Law Library.

5.  That County jails are notoriously inadequate under Feder-
al conditions.  For example, Nassau County Jail has had the U.S. Depart-
ment of Justice file at least two(2) Federal lawsuits because of its
clearly substandard conditions; which the pro se Defendant strongly
asserts includes its inadequate generic State/County law library.

-1-

6. That I unequivocally and absolutely hereby state that I have an exigent need and requirement, as a matter of law, for both the access to an "adequate" and sufficient Federal(BOP) Law Library; [and] to be afforded (as practical) additional extra access-time to said Law Library; [while detained in New York concerning any and all criminal proceedings related to this case].

Dated: Lompoc, California
       May 2, 2005

Respectfully submitted,

Michael Vondette - Defendant pro se
3901 Klein Blvd., #50936-198
U.S.P. Lompoc, CA  93436-2706

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------x

UNITED STATES OF AMERICA,                    :     CASE NO. CR-97-1010 (TCP)
                              Plaintiff,      :     APPEAL NO. 02-1528 (L)
                                                   SUPREME COURT NO. 04-6228
          -vs-                                :

                                              :     MOTION REQUESTING COURT TO
                                                    ISSUE ORDERS MANDATING THAT
MICHAEL VONDETTE,                             :     DEFENDANT REMAIN AT BOP FED-
                                                    ERAL FACILITY; AND BE AFFORDED
                              Defendant.      :     ADDITIONAL LAW LIBRARY ACCESS

----------------------------------------x

          NOW COMES MICHAEL VONDETTE, Defendant in the above-captioned

case proceeding pro se ("Defendant"), and hereby respectfully moves this

Honorable Court located at the United States Courthouse at 600 Federal

Plaza, Central Islip, New York, on May 13, 2005, at 10:30, or as soon

thereafter as counsel and the Motion can be heard, to issue Order(s):

1) mandating that the Defendant pro se must remain at a BOP Federal fa-

cility (e.g., MDC Brooklyn, MCC Manhattan) throughout his entire p/re-

sentencing proceedings; and 2) that the Defendant pro se be afforded

maximum additional access to the Federal (BOP) Law Library as is practi-

cal pursuant to said Federal facility's policies.

          The herein Motion is based upon the instant Motion with incorpor-

ated memorandum of law and argument(s), together with the annexed Affi-

davit in support thereof, with all the files, records, papers, and pro-

ceedings heretofore had herein; [and] is respectfully submitted pursuant

to the U.S. Constitution's Fifth (Due Process and Equal Protection Clau-

ses) and Sixth Amendments and Rule 47 of the Federal Rules of Criminal

Procedure.

          The gravamen of the instant Motion is that the Defendant pro se

must be allowed, if not guaranteed, sufficient and 'adequate' access to

a proper Federal (BOP) facility Law Library in order to be legally affor-

ded the means by which to defend himself. [that is, while detained in New

York concerning any and all criminal proceedings relating to this case].

                              -1-

**ARGUMENT**

I. **This Honorable Court Deemed The Instant Case "Complex" Thereby Mandating Proper Federal Law Library Access For The Pro Se Defendant**.

Indeed, this Court deemed this case "complex" [albeit over the Defendant's repeated objections] and maintained that guise of 'complextiy' for most of the four-plus (4½) years of pre-trial, as is clearly documented within the case records and files.

Since this Court has repeatedly alleged this case to be "complex", it can not now, in good faith, allege that the pro se Defendant has no need of a proper Federal Law Library to research and prepare his p/re-sentencing pleadings.  To deny the pro se Defendant reasonable and adequate access to a Federal facility Law Library would violate his Fifth Amendment Due Process rights.  See, e.g., Higgins v. Beyer, 293 F.3d 683 (3rd Cir. 2002); Bribiesca v. Galaza, 215 F.3d 1015 (9th Cir. 2000).

II. **Pro Se Defendant Requires Proper "Access To The Courts" And The "Means By Which To Defend Himself"**.

The U.S. Supreme court has stated, "It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977).  This right of 'access' includes access to a proper Federal Law Library (in this case) that is "adequate, effective, and meaningful." Id. at 822.  See also, Gomez v. Vernon, 255 F.3d 1118 (9th cir. 2001).

It is beyond cavil that an alleged quasi-law library in, for example a County jail, is clearly inadequate for a Federal pro se Defendant [as here] to properly research and prepare his pleadings -- particularly involving this allegedly "complex" case with its many Constitutional, Supreme Court, and Federal Statutory issues within its clearly erroneous and unconstitutional sentence, if not the conviction itself.

In short, in order to provide the _pro se_ Defendant with his Constitutional "means by which to defend himself" and proper "access to the courts", he must be afforded both access to a substantial [BOP] Federal facility based Law Library [and] afforded additional access-time (as is practical) to said Law Library. See, e.g., <u>Wilson v. Yaklich</u>, 148 F.3d 596 (6th cir. 1998)(Access to the courts and law library to be afforded inmate must be adequate, effective, and meaningful.).

### III.  <u>This Court Has Previously Issued An Order Requesting Additional Law Library Access For The Pro Se Defendant In This Case.</u>

Indeed, based upon information and belief, this Court in 1999 issued an Order requesting for additional Law Library access for the _pro se_ Defendant while detained pre-trial at MDC Brooklyn.

Consequently, this Court has recognized the need and legal requirement to provide this _pro se_ Defendant, in this instant case, with additional law library access to properly address the relevant and material legal issues at hand.

### IV.  <u>The U.S. Constitution's Equal Protection Clause Supports The Instant Motion.</u>

The Equal Protection Clause is essentially a direction that all persons similarly situated should be treated alike, see, <u>Brown v. City of Oneota, N.Y.</u>, 195 F.3d 111 (2nd Cir. 1999); and pursuant to <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974); <u>Lee v. Washington</u>, 390 U.S. 333 (1968) "equal protection" applies to prison conditions.

Here, the vast majority of Federally convicted individuals are "housed" (i.e. incarcerated) in BOP Federal facilities replete with an incorporated [as required by law] Law Library -- thereby "similarly situated" to the Defendant, who is also convicted of a Federal offense. Thus, to extradite the Federal _pro se_ Defendant, against his clearly articulated wishes, against his will, and contrary to his best legal

interests to, for example, a County jail; would be in violation of his "equal protection" rights.

### V.  Pro Se Defendant Has Several On-Going Federal Litigations Requiring Continued Access To An Adequate Federal Law Library.

The Supreme Court has determined that there is a separate right to defend oneself pro se, which is protected by the Sixth Amendment, see, Faretta v. California, 422 U.S. 806 (1975).

Here, not only was the Defendant forced to proceed pro se at his second trial, and now continues pro se at his p/re-sentencing; but he has three(3) on-going Federal litigations within which he is pro se as well.

One of these actions is a habeas corpus petition under 28 U.S.C. §2241 in the U.S. District Court in the Central District of California; where also a Federal Tort Claim based action is filed.  In addition to which, an action against the FBI pursuant to the Privacy Act  is pending in the U.S. District Court in Washington D.C.

Therefore, these three(3) pending Federal actions, in conjunction with the instant Federal p/re-sentencing pleadings [in this Court alleged "complex" case] would clearly demonstrate an obvious need for the pro se Defendant to have proper access to an "adequate" and legally sufficient Federal Law Library in order to sustain his Sixth Amendment rights, among others.  See, e.g., Rand v. rowland, 154 F.3d 952 (9th Cir. 1998); Boguslavsky v. Kaplan, 159 F.3d 715 (2nd Cir. 1998).

WHEREFORE, pursuant to and based upon all the foregoing, the Defendant respectfully moves this Honorable Court to grant the herein Motion and Issue the requested Order(s); moreover, the Defendant Michael Vondette hereby swears and affirms the truth of the herein under the penalties of perjury, pursuant to 28 U.S.C. §1746.

Dated: Lompoc, California
        May 2, 2005

Respectfully submitted,

Michael Vondette - Defendant <u>pro</u> <u>se</u>
3901 Klein Blvd., 350936-198
U.S.P. Lompoc, CA 93436-2706

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————x
UNITED STATES OF AMERICA,         :
                      Plaintiff,  :      CASE NO. CR-97-1010 (TCP)
                                         APPEAL NO. 02-1528 (L)
  -vs-                            :      SUPREME COURT NO. 04-6228
                                  :
MICHAEL VONDETTE,                 :      AFFIDAVIT IN SUPPORT OF MOTION
                                         REQUESTING COURT ORDER(S) PER-
                      Defendant.  :      TAINING TO PROPER ACCESS TO A
                                         FEDERAL LAW LIBRARY
————————————————————x

     I, Michael Vondette, the Defendant in the above-captioned case, do hereby swear and affirm, under the penalties of perjury, to the truth of the following, pursuant to 28 U.S.C. §1746, to wit:

     1. That I am Michael Vondette, Defendant pro se in the above-captioned case; and hereby respectfully submit the within Affidavit in support of the instant Motion.

     2. That I am indeed proceeding pro se in my p/re-sentencing; [and] that I am indeed pro se on the three(3) Federal litigations de-lineated within the body of the instant Motion.

     3. That this Court did indeed deem the instant case "complex" [over my repeated 'objections']; which clearly supports my requirement for an "adequate" and sufficient Federal (BOP) Law Library in order to properly research and prepare my p/re-sentencing pleadings.

     4. That there are several Constitutional, U.S. Supreme Court, and Federal Statutory errors within the now " vacated" sentence, which will require extensive pleadings and hearings to resolve -- thereby necessitating my access to an adequate Federal(BOP) Law Library.

     5. That County jails are notoriously inadequate under Feder-al conditions. For example, Nassau County Jail has had the U.S. Depart-ment of Justice file at least two(2) Federal lawsuits because of its clearly substandard conditions; which the pro se Defendant strongly asserts includes its inadequate generic State/County law library.

6. That I unequivocally and absolutely hereby state that I have an exigent need and requirement, as a matter of law, for both the access to an "adequate" and sufficient Federal(BOP) Law Library; [and] to be afforded (as practical) additional extra access-time to said Law Library; [while detained in New York concerning any and all criminal proceedings related to this case].

Dated: Lompoc, California
       May 2, 2005

Respectfully submitted,

Michael Vondette - Defendant pro se
3901 Klein Blvd., #50936-198
U.S.P. Lompoc, CA  93436-2706

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————————x

UNITED STATES OF AMERICA,            :      **CASE NO. CR-97-1010 (TCP)**

                    Plaintiff,   :      **APPEAL NO. 02-1528 (L)**

                             :      **SUPREME COURT NO. 04-6228**

    -vs-                      :

                             :      **MOTION REQUESTING COURT TO**

                             :      **ISSUE ORDERS MANDATING THAT**

MICHAEL VONDETTE,             :      **DEFENDANT REMAIN AT BOP FED-**

                           :      **ERAL FACILITY; AND BE AFFORDED**

                  Defendant.  :      **ADDITIONAL LAW LIBRARY ACCESS**

———————————————————————————x

       NOW COMES MICHAEL VONDETTE, Defendant in the above-captioned
case proceeding <u>pro se</u> ("Defendant"), and hereby respectfully moves this
Honorable Court located at the United States Courthouse at 600 Federal
Plaza, Central Islip, New York, on May 13, 2005, at 10:30, or as soon
thereafter as counsel and the Motion can be heard, to issue Order(s):
1) mandating that the Defendant <u>pro se</u> must remain at a BOP Federal fa-
cility (e.g., MDC Brooklyn, MCC Manhattan) throughout his entire p/re-
sentencing proceedings; and 2) that the Defendant <u>pro se</u> be afforded
maximum additional access to the Federal (BOP) Law Library as is practi-
cal pursuant to said Federal facility's policies.

       The herein Motion is based upon the instant Motion with incorpor-
ated memorandum of law and argument(s), together with the annexed Affi-
davit in support thereof, with all the files, records, papers, and pro-
ceedings heretofore had herein; [and] is respectfully submitted pursuant
to the U.S. Constitution's Fifth (Due Process and Equal Protection Clau-
ses) and Sixth Amendments and Rule 47 of the Federal Rules of Criminal
Procedure.

       The gravamen of the instant Motion is that the Defendant <u>pro se</u>
must be allowed, if not guaranteed, sufficient and 'adequate' access to
a proper Federal (BOP) facility Law Library in order to be legally affor-
ded the means by which to defend himself, [that is, while detained in New
York concerning any and all criminal proceedings relating to this case].

-1-

**ARGUMENT**

## I.    This Honorable Court Deemed The Instant Case "Complex" Thereby Mandating Proper Federal Law Library Access For The Pro Se Defendant.

Indeed, this Court deemed this case "complex" [albeit over the Defendant's repeated objections] and maintained that guise of 'complex-tiy' for most of the four-plus (4½) years of pre-trial, as is clearly documented within the case records and files.

Since this Court has repeatedly alleged this case to be "complex", it can not now, in good faith, allege that the <u>pro se</u> Defendant has no need of a proper Federal Law Library to research and prepare his p/re-sentencing pleadings.  To deny the <u>pro se</u> Defendant reasonable and adequate access to a <u>Federal</u> facility Law Library would violate his Fifth Amendment Due Process rights.  See, e.g., <u>Higgins v. Beyer</u>, 293 F.3d 683 (3rd Cir. 2002); <u>Bribiesca v. Galaza</u>, 215 F.3d 1015 (9th Cir. 2000).

## II.    Pro Se Defendant Requires Proper "Access To The Courts" And The "Means By Which To Defend Himself".

The U.S. Supreme court has stated, "It is now established beyond doubt that prisoners have a constitutional right of access to the courts." <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977).  This right of 'access' includes access to a proper Federal Law Library (in this case) that is "adequate, effective, and meaningful."  Id. at 822.  See also, <u>Gomez v. Vernon</u>, 255 F.3d 1118 (9th cir. 2001).

It is beyond cavil that an alleged quasi-law library in, for example a County jail, is clearly inadequate for a Federal <u>pro se</u> Defendant [as here] to properly research and prepare his pleadings -- particularly involving this allegedly "complex" case with its many Constitutional, Supreme Court, and Federal Statutory issues within its clearly erroneous and unconstitutional sentence, if not the conviction itself.

In short, in order to provide the pro se Defendant with his Constitutional "means by which to defend himself" and proper "access to the courts", he must be afforded both access to a substantial [BOP] Federal facility based Law Library [and] afforded additional access-time (as is practical) to said Law Library.  See, e.g., Wilson v. Yaklich, 148 F.3d 596 (6th cir. 1998)(Access to the courts and law library to be afforded inmate must be adequate, effective, and meaningful.).

### III.   This Court Has Previously Issued An Order Requesting Additional Law Library Access For The Pro Se Defendant In This Case.

Indeed, based upon information and belief, this Court in 1999 issued an Order requesting for additional Law Library access for the pro se Defendant while detained pre-trial at MDC Brooklyn.

Consequently, this Court has recognized the need and legal requirement to provide this pro se Defendant, in this instant case, with additional law library access to properly address the relevant and material legal issues at hand.

### IV.   The U.S. Constitution's Equal Protection Clause Supports The Instant Motion.

The Equal Protection Clause is essentially a direction that all persons similarly situated should be treated alike, see, Brown v. City of Oneota, N.Y., 195 F.3d 111 (2nd Cir. 1999); and pursuant to Wolff v. McDonnell, 418 U.S. 539 (1974); Lee v. Washington, 390 U.S. 333 (1968) "equal protection" applies to prison conditions.

Here, the vast majority of Federally convicted individuals are "housed" (i.e. incarcerated) in BOP Federal facilities replete with an incorporated [as required by law] Law Library -- thereby "similarly situated" to the Defendant, who is also convicted of a Federal offense. Thus, to extradite the Federal pro se Defendant, against his clearly articulated wishes, against his will, and contrary to his best legal

interests to, for example, a County jail; would be in violation of his "equal protection" rights.

### V. Pro Se Defendant Has Several On-Going Federal Litigations Requiring Continued Access To An Adequate Federal Law Library.

The Supreme Court has determined that there is a separate right to defend oneself pro se, which is protected by the Sixth Amendment, see, Faretta v. California, 422 U.S. 806 (1975).

Here, not only was the Defendant forced to proceed pro se at his second trial, and now continues pro se at his p/re-sentencing; but he has three(3) on-going Federal litigations within which he is pro se as well.

One of these actions is a habeas corpus petition under 28 U.S.C. §2241 in the U.S. District Court in the Central District of California; where also a Federal Tort Claim based action is filed. In addition to which, an action against the FBI pursuant to the Privacy Act is pending in the U.S. District Court in Washington D.C.

Therefore, these three(3) pending Federal actions, in conjunction with the instant Federal p/re-sentencing pleadings [in this Court alleged "complex" case] would clearly demonstrate an obvious need for the pro se Defendant to have proper access to an "adequate" and legally sufficient Federal Law Library in order to sustain his Sixth Amendment rights, among others. See, e.g., Rand v. rowland, 154 F.3d 952 (9th Cir. 1998); Boguslavsky v. Kaplan, 159 F.3d 715 (2nd Cir. 1998).

WHEREFORE, pursuant to and based upon all the foregoing, the Defendant respectfully moves this Honorable Court to grant the herein Motion and Issue the requested Order(s); moreover, the Defendant Michael Vondette hereby swears and affirms the truth of the herein under the penalties of perjury, pursuant to 28 U.S.C. §1746.

-4-

Dated: Lompoc, California
       May 2, 2005

Respectfully submitted,

Michael Vondette - Defendant pro se
3901 Klein Blvd., 350936-198
U.S.P. Lompoc, CA 93436-2706

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————x

UNITED STATES OF AMERICA,  :

               Plaintiff,  :

  -vs-  :

                    :

MICHAEL VONDETTE,  :

            Defendant.  :

————————————————x

**CASE NO. CR-97-1010 (TCP)**
**APPEAL NO. 02-1528 (L)**
**SUPREME COURT NO. 04-6228**

**AFFIDAVIT IN SUPPORT OF MOTION**
**REQUESTING COURT ORDER(S) PER-**
**TAINING TO PROPER ACCESS TO A**
**FEDERAL LAW LIBRARY**

I, Michael Vondette, the Defendant in the above-captioned case, do hereby swear and affirm, under the penalties of perjury, to the truth of the following, pursuant to 28 U.S.C. §1746, to wit:

1. That I am Michael Vondette, Defendant pro se in the above-captioned case; and hereby respectfully submit the within Affidavit in support of the instant Motion.

2. That I am indeed proceeding pro se in my p/re-sentencing; [and] that I am indeed pro se on the three(3) Federal litigations delineated within the body of the instant Motion.

3. That this Court did indeed deem the instant case "complex" [over my repeated 'objections']; which clearly supports my requirement for an "adequate" and sufficient Federal (BOP) Law Library in order to properly research and prepare my p/re-sentencing pleadings.

4. That there are several Constitutional, U.S. Supreme Court, and Federal Statutory errors within the now " vacated" sentence, which will require extensive pleadings and hearings to resolve -- thereby necessitating my access to an adequate Federal(BOP) Law Library.

5. That County jails are notoriously inadequate under Federal conditions. For example, Nassau County Jail has had the U.S. Department of Justice file at least two(2) Federal lawsuits because of its clearly substandard conditions; which the pro se Defendant strongly asserts includes its inadequate generic State/County law library.

-1-

6. That I unequivocally and absolutely hereby state that I have an exigent need and requirement, as a matter of law, for both the access to an "adequate" and sufficient Federal(BOP) Law Library; [and] to be afforded (as practical) additional extra access-time to said Law Library; [while detained in New York concerning any and all criminal proceedings related to this case].

Dated: Lompoc, California
       May 2, 2005

Respectfully submitted,

Michael Vondette - Defendant <u>pro se</u>
3901 Klein Blvd., #50936-198
U.S.P. Lompoc, CA  93436-2706

# CERTIFICATE OF SERVICE

I, __MICHAEL VONDETTE_____ hereby certify that I have served a true and correct copy of the following:

Re: CASE NO. CR-97-1010 (TCP)
    APPEAL NO. 02-1528 (L)
    SUPREME COURT NO. 04-6228

MOTION REQUESTING COURT TO ISSUE ORDERS MANDATING
THAT DEFENDANT REMAIN AT BOP FEDERAL FACILITY;
AND BE AFFORDED ADDITIONAL LAW LIBRARY ACCESS

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, _Houston v. Lack_ 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

U.S. Attorneys Office
200 Federal Plaza
U.S. Courthouse
Central Islip, N.Y. 11722

    with an original and two copies sent to the Court as follows:

U.S. District Court - E.D.N.Y.
600 Federal Plaza - U.S. Courthouse
Central Islip, N.Y. 11722

and deposited same in the United States Postal Mail at the United States Penitentiary, Lompoc, California, on this: __~~2nd~~ 5th__ day of: __MAY_____, 2005.

_____
Michael Vodette
Defendant __pro se__
3901 Klein Boulevard
Lompoc, California 93436