UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          Plaintiff,

-vs-

MICHAEL VONDETTE,

          Defendant.

97-CR-1010 (TCP)
[Supreme Court #04-6228]

PETITION TO SET ASIDE THE VERDICT OF GUILTY AND DISMISS THE INDICTMENT PURSUANT TO 28 U.S.C. §1651(a)

The defendant in the above-captioned case, appearing pro se (hereinafter "Petitioner") respectfully submits this application to set aside the verdict of guilty and dismiss the indictment, pursuant to 28 U.S.C. §1651(a).

### I. JURISDICTION

The jurisdiction of this Honorable Court is invoked under 28 U.S.C. §1651(a), the All Writs Act; in conjunction with the inherent proper jurisdiction resulting from the U.S. Supreme Court having "vacated" the Petitioner's instant sentence [January 2005, at #04-6228] and remanding this case, via United States v. Crosby, 397 F.3d 103 103 (2nd Cir. 2005), to this Court for a full de novo resentencing. See also, 18 U.S.C. §3231.

### II. CONSTITUTIONAL AND STATUTORY PROVISIONS

This Petition is submitted pursuant to the U.S. Constitution's Fifth Amendment, Sixth Amendment, and Ex Post Facto Clause; 28 U.S.C. §1651(a); Rule 7(c)(1) Fed.R.Crim.P.; 18 U.S.C. §3231.

### III. A WRIT HERE IS PROPER AND SHOULD ISSUE

The All Writs Act is an old common-law procedure for obtaining relief from a Judgment by means necessary to plug a gap in the system of Federal post-conviction remedies, see, United States v. Valdez-

-1-

Pacheco, 237 F.3d 1077 (9th Cir. 2001). Moreover, the authority of Federal Courts to recognize common-law post-conviction remedies is governed by the Supreme Court's decision in <u>United States v. Morgan</u>, 346 U.S. 502, 74 S.Ct. 247 (1954), whereby;

> "We have stated subsequently that <u>Morgan</u> stands for the proposition that the common-law Writs, ..., are available to 'fill the interstices of the federal post-conviction remedial framework.'"

<u>United States v. Ayala</u>, 894 F.2d 425, 428 (D.C. Cir. 1990).

Accordingly, the Courts have established that a "federal district court has power to vacate one of its own judgments of conviction, if Constitutional right is at stake.", <u>United States v. Correa-DeJesus</u>, 708 F.2d 1283 (7th Cir. 1983); pursuant to the common-law Writs "for errors of fact [as a matter of law] in those cases where errors are of 'most fundamental character', that as such [may] have rendered proceeding itself invalid." <u>United States v. Sawyer</u>, 74 F.Supp.2d 88 (D.Mass. 1999); see also, <u>United States v. Goldburg</u>, 977 F.2d 593 (9th Cir. 1991).

## IV. <u>BRIEF BACKROUND AND HISTORICAL FACTS</u>

[In the interest of brevity, the Petitioner presumes this Court's general familiarity with this case; and thus puts forth only those facts deemed relevant to the instant application.]

The Petitioner was arrested, indicted, and arraigned in October 1997, under 97-CR-1010 (TCP)(E.D.N.Y. - Long Island N.Y.); with the second superceding indictment filed around November 2000.

After the second jury trial; following the first hung-jury mistrial, a general verdict of guilty [on two(2) Counts] was returned in May 2001, upon which Petitioner is sentenced in September 2002.

Petitioner files timely notice of appeal, et al.; and sentence is subsequently "vacated" by the U.S. Supreme Court in January 2005,

-2-

whereby case is remanded to this Honorable Court, with Petitioner returned to E.D.N.Y. [MDC Brooklyn] in May 2005 -- now awaiting disposition(s).

### A. Facts Relevant To This Application.

The [2000] indictment used at trial states at Count One, in relevant part, that the Petitioner "(I)n or about and between **January 1980** and October 30, 1997," that the Petitioner "did knowingly and intentionally conspire to distribute and to posses with intent to distribute **in excess of** one thousand kilograms of hashish, **in excess of** one thousand kilograms **of a mixture and substance containing marijuana and methaqualone**, Schedule I controlled substances," (emphasis added) [See EXHIBIT A]

The Count One further cites "841(a)(1) of Title 21, United States Code.", and "(Title 21, United States Code, Sections 846, 841**(b)(1)(A)(vii)** [AND] 841**(b)(1)(C)**;" [See EXHIBIT A] (emphasis added).

Defense counsel made no pretrial motions to dismiss the clearly 'duplicitous' and 'disjointed' indictment on the ground that Count One was defective [i.e., 'structurally' and thus 'jurisdictionally'] as pleaded. Nor did counsel move -- post-trial, via Rule 34 of Fed.R.Crim.P. -- for an order arresting the judgment, on the ground(s) that the indictment, as pleaded in COunt One, failed to properly charge an offense against the United States; and further violated sundry Constitutional guarantees.

### Sum and Substance

The Petitioner now moves, pursuant to 28 U.S.C. §1651(a), for an order setting aside the verdict of guilty and dismissing the indictment on the grounds that the Petitioner was denied 'effective

-3-

assistance of counsel' both pre- and post-trial by counsel's failure to move to dismiss the indictment on the ground(s) that Count One thereof failed to charge an offense against the United States, thereby failing to provide the Petitioner with the 'notice' mandated by the Sixth Amendment; is 'duplicitous' thereby violating the Petitioner's Fifth Amendment 'due process' rights; and clearly violated <u>ex post facto</u> law -- in short, the indictment is 'structurally' and thus 'jurisdictionally' flawed, as a matter of law.

## V. CAUSE OF ACTION -- ARGUMENTS

BY VIRTUE OF INEFFECTIVE ASSISTANCE OF COUNSEL, PRE-TRIAL AND POST-TRIAL, PETITIONER WAS CONVICTED UPON A 'STRUCTURALLY' AND THUS 'JURISDICTIONALLY' FLAWED INDICTMENT WHICH FAILED TO CHARGE AN OFFENSE AS REQUIRED BY BOTH THE FIFTH AND SIXTH AMENDMENTS OF THE U.S. CONSTITUTION; AND FURTHER VIOLATES THE EX POST FACTO CLAUSE

### A. <u>Indictment Failes To Satisfy The Federal Rules Of Criminal Procedure And Due Process</u>.

As a preliminary matter, Rule 7(c)(1) of the Fed.R.Crim.P. provides, in part, that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." U.S.C.A. Fed.R.Crim.P. 7(c)(1)(2004). "In an indictment upon a statute, it is not sufficient to set forth the offense in the words of the statute <u>unless those words of themselves fully, expressly, without any uncertainty or ambiguity</u> set forth all the <u>elements</u> necessary to constitute the offense intended to be punished." <u>United States v. Carill</u>, 105 U.S. 611, 612 (1882); <u>Russell v. United States</u>, 369 U.S. 749, 765 (1962) (emphasis added). An indictment not framed to apprise the Petitioner with reasonable certainty, of the nature of the accusation against him is defective (as here) although it may follow the language of the statute. See,

-4-

Russell, 369 U.S. at 765. Since 'drug quantity' [and drug type] is an 'esential element' of the Count One offense, United States v. Thomas, 274 F.3d 655, 660 (2nd Cir. 2001)(en banc); see also, Apprendi v. New Jersey, 530 U.S. 466 (2000) -- it is fundamental that the indictment must expressly, without any degree of uncertainty, allege/charge/plead that "element" per se. To wit, the Count One here, must identify and articulate a specific 'drug quantity' [and type], as a matter of law.

In the present case, the indictment alleged the 'element' of drug quantity in the disjointed and ambiguous "in excess of" **twice**; and then pleads/charges the 'element' of drug type as "hashish" and "a mixture and substance containing marijuana and methaqualone" [See EXHIBIT A]. It must be noted, that there **is NO such "controlled substance"** of 'marijuana and methaqualone'; nor is "methaqualone", if taken alone, a Schedule I 'controlled substance', as pleaded in Count One. 21 U.S.C.A. §§ 802, 812 (2004). Thus, Count One is vague, and as pleaded "makes the indictment bad for uncertainty." United States v. Donovan, 339 F.2d 404, 408 (7th Cir. 1965); see also, United States v. Kramer, 711 F.2d 789, 797 (7th Cir. 1983)(observing "a defendant may not be charged with alternative offenses in the same count of the indictment."). Given the confusion, uncertainty, and mis-pleaded allegations in the indictment in the case at bar, counsel should have moved for an order dismissing the indictment either pre- or post-trial -- failure to do so ostensibly represents 'ineffective assistance of counsel'.

### B. Unconstitutionally 'Duplicitous' Indictment.

As a matter of Statutory law, 21 U.S.C. §841(a)(1) criminalizes

the 'possession with intent to distribute' "a controlled substance", in the singular (emphasis added) -- not multiple different type(s), but rather "a" distinct individual prohibited "controlled substance", as listed pursuant to 21 U.S.C. §812. 21 U.S.C.A. §§ 841(a)(1), 812 (2004). And "a controlled substance" offense is penalized pursuant to §841(b) at subsections (1)(A), (1)(B), (1)(C), or (1)(D) -- only one of which is applicable to the specific quantity [i.e. 'element'] of "a controlled substance" charged in §841(a)(1). 21 U.S.C.A. §§ 841(b)(1)(A) - (b)(1)(D) (2004); see e.g., Thomas, 274 F.3d, supra.

Here however, Count One pleads three(3) different 'controlled substance(s)' [under §841(a)(1); presuming in arguendo that it is constitutional to alter/split the marijuana AND methaqualone as is pleaded], to be penalized **under two(2) different sentencing schemes at** §§ 841(b)(1)(C) -versus- (b)(1)(A) -- both of which includes uniquely different 'minimums', 'maximums', 'mandatory minimums', and 'Statutory maximums'. 21 U.S.C.A. §841(b) et seq (2004) [See EXHIBIT A]. The Court in Gore found inter alia that each of the individual "controlled substance(s)" and "the offenses listed under §841(a)(1) are proscribed in the disjunctive -- separated by the word "or" --" United States v. Gore, 154 F.3d 34, 44 (2nd Cir. 1998). And further noted that "We agree with the Sixth Circuit that the disjunctive list of conduct proscribed under §841(a)(1) is subject to the Blockburger "same evidence" test." Id. at 44; United States v. Blockburger, 284 U.S. 299 (1932).

Under the Blockburger 'different evidence test', it is irrefutable that each alleged/pleaded "controlled substance" in Count One requires "proof of an independent fact" (i.e., the identity of the 'controlled substance' itself under 21 U.S.C. §§ 802, 812) --

-6-

that the other does not; and thus represents a separate violation of §841(a)(1), subject to a separate Count, as a matter of law. 21 U.S.-C.A. §§ 841(a)(1), 802, 812 (2004); <u>United States v. Vargas-Castillo</u>, 329 F.3d 715 (9th Cir. 2003); <u>Blockburger</u>, supra.

Accordingly, the Supreme Court in <u>Jones</u> found <u>inter alia</u> that when multiple sentencing statutes are involved in a single Count;

> "if construed as defining a single crime with two different maximum and minimum penalties instead of two distinct offenses, violates the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment."

<u>Jones v. United States</u>, 526 U.S at 243, n. 6 (1999). Moreover, the <u>Gore</u> Court further noted that sentencing "under separate sections of the federal criminal law arising from the defendant's involvement in a single event or common series of events violates double jeopardy principles," <u>Gore</u>, 154 F.3d at 44. Here then, by pleading Count One to include three(3) different 'controlled substance(s)'; and **BOTH** of the individual sentencing options under §§ 841 (b)(1)(<u>C</u>) **AND** (b)(1)(<u>A</u>) creates an insurmountable Due Process violation -- thus, Count One is "structurally" and thereby "jurisdictionally" infirm/flawed, as a matter of law. And further manifests, in the jury-trial environment as here, a '<u>unanimity</u>' concern within the instant jury verdict. See, <u>Richardson v. United States</u>, 520 U.S. 813 (1999).

In short, Count One of the instant indictment is clearly 'duplicitous' and implicates Constitutional Due Process, notice, jury-trial, and Double Jeopardy protections -- whereby counsel should have moved for an order dismissing the indictment either pre- or post-trial; and the failure to do so seemingly establishes "ineffective assistance of counsel" <u>per se</u> that is subject to review pursuant to the instant application.

-7-

## C. Count One Violates Ex Post Facto Law.

The U.S. Constitution at Article I, §9, cl. 3 [§10, cl. 1] prohibits, in short, retroactive (retrospective) application of penal legislation that disadvantages or prejudices the Petitioner; and or, as here, retroactively increases the Petitioner's liability or punishment above that from which existed when the offense was indeed commited. U.S.C.A. U.S. Const., Art. I, §§ 9, 10, cl. 3, 1 (2004); Landgraf v. USI Film Prods., 511 U.S. 244 (1994); Calder v. Bull, 3 U.S. 386 (1798). In this instance, Count One pleads a conspiracy [21 U.S.C. §846] that originates in January **1980** to violate federal drug laws at §841(a)(1); penalized via **BOTH** §§841(b)(1)(C) AND (b)(1)(A). [See EXHIBIT A]

However, in 1980, until November 1988, the conspiracy statute at 21 U.S.C. §846 stated that a defendant "is punishable by imprisonment or fine or both" -- to wit, NO term of imprisonment is a possible. 21 U.S.C.A. §846 (1984) (emphasis added). Therefore, neither of the Count One's pleaded sentencing statutes, at (b)(1)(C) or (b)(1)(A) can be used without violating ex post facto law [presuming in arguendo that having two(2) separate sentencing statutes in one Count is not per se unconstitutional]. Accordingly, in 1980, under §841(a)(1), the absolute maximum 'term of imprisonment' for a 'marijuana' offense was five(5)-years U.S.C.A. §841(a)(1)(1980) -- and thus again neither the (∅-20 years) of §841(b)(1)(C), nor the (10 years-LIFE) of §841(b)(1)(A) is applicable without violating ex post facto law. Nor were there any "mandatory minimums" in federal law in 1980, nor were there any U.S. Sentencing Guidelines (until 1987) in 1980. 21 U.S.C.A. §§ 841(a)(1), (b), 846 (1980); Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. 91-583; Sentencing Reform

Act of 1984, Pub.L. 98-473; Anti-Drug Abuse Amendments Act of 1988, Pub.L. 100-690.  See also, e.g., <u>Lynce v. Mathis</u>, 519 U.S. 433 (1997); <u>Weaver v. Graham</u>, 450 U.S. 24 (1981).

### 1. <u>Unconstitutional Enlargement Of Statute In Count One.</u>

The Supreme Court in <u>Marks v. United States</u>, 430 U.S. 188 (1977), and even earlier in <u>United States v. Harriss</u>, 347 U.S. 612 (1954), found <u>inter alia</u> that "an unforeseen [Governmental] enlargement of a criminal statute, applied retroactively [retrospectively], operates precisely like an <u>ex post facto</u> law -- and is thus unconstitutional."  <u>Marks</u>, Id. at 188, <u>Harriss</u>, Id. at 617.  Here then, the erroneous 'enlagrement' of §841(a)(1), as pleaded in Count One, to include multiple 'controlled substance(s)' [i.e., three(3)] -- contrary to the clear and unambiguous Congressional statutory language that criminalizes "<u>a</u> controlled substance" individually and in the singular -- represents an <u>ex post facto</u> violation, as a matter of law, by impermissibly retroactively 'enlarging' the statute at hand. 21 U.S.C.A. §841(a)(1)(1980 and 2004).

### <u>In Sum and Substance</u>

Here, there appears to be no less than four(4) unique and distinct <u>ex post facto</u> violations within the pleaded Count One -- any one of which individually condemns Count One and thus the indictment as unconstitutional, as a matter of Constitutional law.  Ostensibly, it is only through clearly 'ineffective assistance of counsel' that a motion dismissing the instant indictment was not submitted either pre- or post-trial by counsel in this case.

### D. <u>Doctrine Of Constitutional Doubt</u>.
[Rule Of Lenity]

The Courts have established that where an indictment or Count therein, "is susceptible of two constructions", whereby "grave and

-9-

doubtful constitutional questions may arise", the Court should adopt the one that best avoids any constitutional questions. U.S. ex rel.-Attorney General v. Delaware and Hudson Co., 213 U.S. 366, 408 (1909); Almendarez-Torres v. United States, 523 U.S. 224 (1998). Moreover, it requires "merely a determination of serious **doubt**, and not a determination of [per se] unconstitutionality." Almendarez-Torres, 140 L.Ed.2d at 372 (emphasis added); see also, Jones, 143 L.Ed.2d at 324.

Here, the Governmnet's construction of Count One within the instant indictment "raises serious constitutional questions under the Fifth Amendment Due Process Clause and the Sixth Amendment's notice and jury trial guarantees." Jones, 143 L.Ed.2d at 317. As well as several ex post facto violations; accordingly, as noted in the Almendarez-Torres decision;

> "in cases of doubtful construction or of conflicting statutory provisions, that interpretation should be given which best protects the [Constitutional] rights of a person charged with an offense,"

Id. at 386.

Furthermore, the well established corollary "rule of lenity", at the same time and in the same manner is clearly applicable in connection with protecting the Petitioner's Constitutional rights in this instance. See, Bifulco v. United States, 447 U.S. 381 (1980); Staples v. United States, 511 U.S. 600 (1994). Here again, counsel ostensibly provided 'ineffective assistance of counsel' by not moving in a timely fashion for an order dismissing the instant indictment under the 'doctrine of Constitutional doubt' in conjunction with the 'rule of lenity' -- a motion that would surely have been granted; and which now warrants the action from this Honorable Court to set aside the verdict and dismiss the infirm indictment.

## VI. INEFFECTIVE ASSISTANCE OF COUNSEL, PER SE

Given the uncertainty, confusion, and ambiguity in the indictment at Count One in the case at bar, in addition to the serious Constitutional questions in its construction; defense counsel should have moved for an order dismissing the indictment either pre- or post-trial.

Indeed, the scrutiny given to an indictment depends, in part, on the timing of a defendant's objection to that indictment. United States v. De La Pava, 268 F.3d 157, 162 (2nd Cir. 2001); United States v. Goodwin, 141 F.3d 394, 401 (2nd Cir.1997). Since counsel here failed to raise the appropriate objection(s), detailed supra, before trial -- an objection that would have been sustained, and the indictment dismissed -- defense counsel rendered 'ineffective counsel' and an order granting the relief sought should issue forthwith.

To establish a claim of 'ineffective assistance of counsel', a Petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that the Petitioner suffered prejudice, in that there is a reasonable probability that the outcome of the proceedings would have been different. De La Pava, 268 F.3d at 163 (citing Strickland v. Washington, 466 U.S. 668, 687-96 (1984)). SInce the indictment here was/is clearly insufficient, in that it failed to properly provide notice of the 'essential element' (i.e., a specific drug quantity) of the offense [and] further violated Due Process (i.e., 'duplicity') and ex post facto law -- had a motion been made to dismiss the indictment, the motion would have been granted, in all certainty. Counsel's failure to take any action either pre- or post-trial deprived the Petitioner of the effective counsel guaranteed by the Sixth Amendment of the Constitution.

-11-

Consequently, the verdict should be set aside, and the indictment dismissed.

WHEREFORE, pursuant to the foregoing 'cause of action' and arguments in support thereof, the Petitioner prays that this Honorable Court grant the relief sought, and issue an order to set aside the verdict of guilty and dismiss the instant indictment pursuant to 28 U.S.C. §1651(a), the All Writs Act. The herein Petition is submitted by the Petitioner, who hereby affirms the within to be true and correct, under the penalties of perjury, pursuant to 28 U.S.C. §1746, as a matter of law.

Dated: Brooklyn, New York
       July 6, 2006

Respectfully submitted,

_____
Michael Vondette
Petitioner pro se
MDC Brooklyn, #50936-198
P.O. Box 329002
Brooklyn, N.Y. 11232-9002

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

JA:BTR:br
F.#1996R0415
VondetteS2.Ind

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

MICHAEL J. VONDETTE,
  also known as "Glenn Titus,"
"Big Guy," "Big," "Harry,"
"Steve," and "Upstate Steve,"

            Defendant.

- - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 97-1010 (S-2)(TCP)
(T. 21, U.S.C., §§
841(b)(1)(A)(vii),
841(b)(1)(C) 846 and
853; T. 18, U.S.C.
§§ 1956(h), 982, 2
and 3551 et seq.)

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Distribute and
Possess with the Intent to Distribute)

1. In or about and between January 1980 and October 30, 1997, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MICHAEL J. VONDETTE, also known as "Glenn Titus," "Big Guy," "Big," "Harry," "Steve," and "Upstate Steve," after a prior conviction for a felony drug offense had become final, together with others, did knowingly and intentionally conspire to distribute and to possess with intent to distribute in excess of one thousand kilograms of hashish, in excess of one thousand kilograms of a mixture and substance containing marijuana and methaqualone, Schedule I controlled substances, in violation of Section

2

841(a)(1) of Title 21, United States Code.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(vii) and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
(Conspiracy to Launder Money)

2. In or about and between October 27, 1986 and January 30, 2000, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MICHAEL J. VONDETTE, also known as "Glenn Titus," "Big Guy," "Big," "Harry," "Steve," and "Upstate Steve," together with others, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, did knowingly and intentionally conspire to conduct financial transactions affecting interstate commerce, to wit: the transfer of currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: distribution of controlled substances, in violation of Title 21, United States Code, Section 841, with the intent to promote the carrying on of said specified unlawful activity, and knowing that the transactions were designed in whole and in part to disguise the nature, source, ownership and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

## CERTIFICATION OF SERVICE

Re: <u>U.S. v. Vondette, 97-CR-1010 (TCP)</u> -- Supreme Court #04-6228

    I, Michael Vondette, Defendant-Petitioner in the above referenced case, hereby affirm, under the penalties of perjury, that a true and correct copy of:

> PETITION TO SET ASIDE THE VERDICT OF GUILTY AND DISMISS THE INDICTMENT PURSUANT TO 28 U.S.C. §1651(a)

has been sent by prepaid U.S. Mail to the following address;

United States Attorney's Office
U.S. Courthouse - E.D.N.Y.
100 Federal Plaza
Central Islip, N.Y.  11722

    with the appropriate number of same sent to the Court at;

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
1010 Federal Plaza
Central Islip, N.Y.  11722        Attn: Judge PLATT - Clerk

Dated: Brooklyn, New York
       July 6, 2006

                            Respectfully submitted,

                            _____
                            Michael Vondette
                            Defendant-Petitioner <u>pro se</u>
                            MDC Brooklyn, #50936-198
                            P.O. Box 329002
                            Brooklyn, N.Y.  11232