RPD:BTR
F.#1997R01825
Vondette.Mot

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                                     CR-97-1010 (TCP)

MICHAEL VONDETTE,

        Defendant.

- - - - - - - - - - - - - - - X

## GOVERNMENT'S MOTION IN OPPOSITION TO DEFENDANT'S PETITION TO SET ASIDE THE VERDICT OF GUILTY AND DISMISS THE INDICTMENT PURSUANT TO 28 U.S.C. § 1651(a)

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11772

BURTON T. RYAN, Jr.
Assistant U.S. Attorney
    (Of Counsel)

RPD:BTR
F.#1997R01825
Vondette.Mot

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -                        CR-97-1010 (TCP)

MICHAEL VONDETTE,

          Defendant.

- - - - - - - - - - - - - - - X

## PRELIMINARY STATEMENT

The defendant Michael Vondette, seeks to have the Court set aside the verdict of guilty and moves to dismiss the indictment, pursuant to 28 U.S.C. § 1651(a), the All Writs Act.

Vondette argues that he is entitled to a Writ of Habeas Corpus on the grounds that he did not file pre-trial motions to dismiss the indictment because of incompetent counsel. He argues that the indictment is unconstitutional based on its construction of the drug charge and ex post facto concerns. Vondette argues that his lack of effective counsel is evidenced by an absence of any pre-trial motion to dismiss the indictment. Vondette's claims are legally meritless and factually un-true. Vondette's indictment was addressed in pre-trial motions by counsel and on appeal and was found to be adequate. Moreover,

Vondette had the opportunity to raise, and did raise, numerous objections to the indictment pro se. Given that the indictment was addressed, Vondette's claim of incompetent counsel is nonexistent.

## STATEMENT OF FACTS

### The Offense

For almost twenty-years, Vondette was involved in an organization specializing in multi-ton distribution of marijuana and hashish who supplied drugs to wholesale marijuana dealers in the New York metropolitan area, the "Bowler Organization". In late 1996 the Drug Enforcement Administration ("DEA") took control of 17.6 tons of hashish that was making its way to Vancouver. This shipment was off-loaded in Los Angeles and a co-conspirator, Patrick Bowler recruited Vondette to transport half of the hashish to Montreal. Vondette's co-conspirators later revealed his identity to DEA agents.

### Prior Proceedings

Vondette was brought into federal custody on October 30, 1997 and the first indictment was returned the next day. On April 15, 1998, Vondette, with the assistance of counsel filed numerous motions, among them a motion to dismiss the original indictment. Vondette fired his initial counsel and retained new counsel. The government filed a superceding indictment on

October 20, 1998. Vondette filed a motion to dismiss this indictment [Docket No. 48]. When this motion was denied, Vondette filed a motion to dismiss Count One and Count Two of the indictment [Docket No. 55]. When Vondette's motion to dismiss the indictment was denied, he filed a motion for reconsideration [Docket No. 65]. In 1999, Vondette filed another motion to dismiss Counts One and Two of the superceding indictment [Docket No. 75]. Finally, Vondette filed a motion to dismiss the entire indictment for vindictive prosecution [Docket No. 120].

Vondette's second retained counsel became ill and unable to try Vondette's case. Vondette refused to accept court appointed counsel and insisted on proceeding pro se. The Court nonetheless appointed counsel to serve in an advisory capacity. The instant superceding indictment was returned on November 9, 2000. Vondette ultimately retained counsel for his first trial and, after a mistrial, elected to proceed pro se for his second trial, with advisory counsel standing by. Vondette was ultimately convicted, by a trial by jury, of conspiring to distribute controlled substances in violation of 21 U.S.C. § 846 (Count One of the superceding indictment) and of conspiring to launder money in violation of 18 U.S.C. § 1956(h). Following this conviction, Vondette filed a motion for judgment of acquittal and/or a new trial [Docket No. 385]. Vondette also

filed numerous objections to his Pre-Sentencing Report ("PSR") that raised issues related to his indictment. These objections were found by this Court to be meritless.

Vondette then appealed his conviction and his sentence. His conviction and sentence were affirmed by the Second Circuit. United States v. Vondette, 76 Fed.Appx. 358 (2d. Cir. 2003). However, while Vondette's appeal was still active, the United States Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), and remanded Vondette's case to the Circuit Court for further proceedings in conformity with Booker and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). The case was subsequently remanded to this Court to determine, pursuant to Crosby, whether or not to resentence.

### ARGUMENT

### POINT ONE

### VONDETTE'S OBJECTIONS TO COUNT ONE OF THE SUPERCEDING INDICTMENT HAVE ALREADY BEEN SHOWN TO BE MERITLESS

Vondette argues that the language of his indictment did not properly charge drug quantity. He argues that the language of the indictment allows for conviction under either 18 U.S.C. § 841(b)(1)(A) or § 841(b)(1)(C), making the indictment "duplicitous". Vondette now claims to argue for the first time that his indictment was "duplicitous" and "disjointed".

Vondette overlooks similar objections he previously made regarding the superceding indictment. He argued that his indictment was the product of duplicitous government bargaining and cooperation under United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), an argument that this Court ultimately rejected. Vondette then filed a motion to dismiss Counts One and Two of the superceding indictment [Docket No. 54]. In this motion, Vondette contested the superceding indictment's expansion of years of criminal activity covered. This same expansion properly allowed the inclusion of methaqualone, resulting in the inclusion of section 841(b)(1)(C) that he now disputes.

This Court addressed Vondette's numerous motions that objected to the superceding indictment and carefully analyzed the indictment's construction. This Court's Memorandum and Order dated March 30, 2001, stated on page 22 that the indictment was properly constructed and provided sufficient information. Moreover it stated that that indictment was factually sufficient and properly outlined intent to distribute hashish, marijuana and methaqualone [Docket 283].

A factually sufficient indictment returned by a grand jury can justify a trial on the case's merits. Vondette's indictment was held to be proper and properly alleged; the existence of a narcotics conspiracy, a relevant time frame and the statutes

alleged to be violated and thus satisfied Rule 7(c)(1) of the Federal Rules of Criminal Procedure. See United States v. Macklin, 927 F.2d 1272, 1276 (2d Cir. 1991). This Court evaluated the indictment and stated in its March 30, 2001 order, "[t]he indictment is properly pled and is not duplicitous." [Docket No. 283]. This indictment was evaluated by a grand jury who determined it to justify a trial on the merits. Subsequently, Vondette was convicted.

This Court also examined Vondette's previous claims that the indictment was duplicitous, stating that the doctrine of duplicity will not apply if the indictment charges separate acts that can be characterized as a single continuing scheme. (Order of March 30, 2001, at 23; citing United States v. Araci, 968 F.2d 1512, 1518 (2d Cir. 1992) (quoting United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989)). This Court found that the multiple substances could prove a single conspiracy and stated that it was the government's burden to establish the conspiracy at trial.

In his present motion, Vondette states that the inclusion of Title 21 U.S.C. Sections 841(b)(1)(A)(vii) and 841(b)(1)(C) results in an impermissibly duplicitous indictment. Vondette raised this argument on appeal with regard to the presentation of the indictment to the jury. The Court of Appeals stated, "[t]he jury was instructed to make specific findings regarding

the hashish and the marijuana and these findings allowed the court to impose a sentence of ten years to life under the statute. 21 U.S.C. § 841(b)(1)(A)." <u>United States v. Vondette</u>, 76 Fed.Appx. 358, 365 (2d. Cir. 2003). Vondette's argument has been shown to be meritless already and must be rejected.

### POINT TWO

### VONDETTE RECEIVED EFFECTIVE COUNSEL

Vondette claims that because objections to the indictment were not raised at trial, that he was denied effective counsel. This argument must be rejected because (i) Vondette raised motions to dismiss Count One of the indictment and (ii) Vondette both received and provided himself with adequate and thorough counsel, as well as advisory counsel.

Vondette does not specify which counsel who represented him provided inadequate assistance. He simply avers that the absence of objections to the indictment indicates inadequate counsel. Vondette's claim of an absence of objections is confusing, given the number of objections both Vondette and his counsel raised before trial and the number of objections to the indictment specifically. Moreover, Vondette's numerous interlocutory appeals, his sentencing objections, and his appeal following sentencing, have presented numerous opportunities for this Court and the Court of Appeals to analyze; (i) the grand

jury proceedings, (ii) jurisdiction, (iii) the indictment, (iv) pre-trial discovery, and (v) the rulings at trial.

Claims of improper assistance of counsel are analyzed under the two-pronged test outlined in Strickland v. Washington, 466 U.S. 668 (1984). In order to show insufficiency of counsel, a defendant must show that counsel failed to provide reasonably effective assistance and that this failure prejudiced the defendant. Neither of these showings is easy, as "[a] criminal defendant has a high burden to overcome to prove the deficiency of his counsel." Lynn v. Bliden, 443 F.3d 238, 247 (2d Cir. 2006). Additionally Strickland stresses a standard of review deferential to attorney performance stating, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment. Strickland, 466 U.S. at 690.

The Strickland court also requires a defendant to make a specific showing of the acts or omissions that were not the result of professional judgment and denied the defendant the representation he is entitled to under the Sixth Amendment. Id. Vondette is not clear as to which counsel's assistance he considers incompetent. He does not specify why he considers his numerous previous objections to Count One of the indictment to be insufficient; in fact, he argues that the objections were never raised. Strickland requires specific showing of

11

insufficient counsel specifically to prevent a convicted defendant's abuse of counsel review and states,

"The availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges.  Criminal trials resolved unfavorably to the defendant would increasingly come to be followed by a second trial, this one of the counsel's unsuccessful defense." Id.

Vondette's claim of ineffective counsel is also undermined by the fact that he spent several years proceeding pro se and had numerous opportunities to file any motion he wished. Counsel has, "wide latitude in making tactical decisions" and "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" Strickland 466 U.S. at 690; see also Henry v. Poole, 409 F.3d 48 (2d Cir. 2005).  Vondette's decision to criticize his own strategic choices in his extensive history of motion filing does not necessitate a claim of insufficient counsel.

Even if Vondette were able to show an instance of insufficient counsel, he would be unable to establish prejudice and fulfill the second prong of the Strickland test.  In order to establish prejudice sufficient for a claim of ineffective assistance of counsel, Vondette must show that "counsel's deficient performance renders the result of the trial unreliable or the proceeding unfair." Aeid v. Bennett, 296 F.3d 58, 63 (2d

Cir. 2002). Prejudice is shown, not when a defendant wishes that an objection that was raised was raised in a slightly different manner, but when, "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." United States v. Wellington, 417 F.3d 284 (2d Cir. 2005) (quoting United States v. Cronic, 466 U.S. 648, 659 (1984)). All of Vondette's counsel and Vondette himself willingly engaged in the adversarial process. Moreover, given that the superceding indictment was objected to repeatedly and Vondette's concerns about controlled substance amounts were addressed on direct appeal, Vondette was not denied opportunity to subject the Government's case to meaningful adversarial testing.

Vondette's argument fails to satisfy the Strickland test because he cannot point to a specific instance of counsel incompetence, both his performance and his counsel's performance were thorough and adequate, and he was not denied any opportunity to engage in the adversarial process. As such, Vondette did not suffer prejudice and is not entitled to have his conviction set aside.

CONCLUSION

For all the foregoing reasons, the defendant's motion should be denied on its face, and the Indictment permitted to stand.[1]

Dated:   Central Islip, New York
         August 4, 2006

                                    Respectfully submitted,

                                    ROSLYNN R. MAUSKOPF
                                    United States Attorney
                                    Eastern District of New York


                                    _____
                                    Burton T. Ryan, Jr.
                                    Assistant U.S. Attorney
                                    (of Counsel)

---

[1] The assistance of legal intern Adrienne C. Baranowicz (J.D. Class of 2008, Fordham University School of Law) in the preparation of this motion is gratefully acknowledged.