INTERLOCUTORY                                                              INTERLOCUTORY

# NOTICE OF APPEAL
## UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
MAY 02 2007
LONG ISLAND OFFICE

UNITED STATES, Appellee,

-vs-

MICHAEL VONDETTE, Appellant.

Docket Number 97-CR-1010 (TCP)

T.C. PLATT, E.D.N.Y. (Cen.Islp.)
(District Court Judge)

Notice is hereby given that **MICHAEL VONDETTE, Appellant pro se** appeals to the United States Court of Appeals for the Second Circuit from the:

judgment [ ]; order [XX]; other [ ]; Denying Rule 33 motion and other pending petitions/motions [e.g., 28 USC §1651(a)]

entered in this action on Signed by Judge on either April 13, Or 18, 2007 — NO date-stamp by Clerk.

Offense occurred after November 1, 1987   Yes [ ]   No [XXX]

The appeal concerns:   conviction only [ ];   sentence only [ ];   conviction and sentence [ ].
EMERGENCY/EXPEDITED Interlocutory Appeal

Date April 26, 2007

TO:
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
40 Foley Square
New York, N.Y. 10007

Michael Vondette - Appellant pro se
(Counsel for Appellant)

Address: MDC Brooklyn, #50936-198
P.O. Box 329002
Brooklyn, N.Y. 11232-9002

Telephone Number  N/A

ADD ADDITIONAL PAGE IF NECESSARY

| (TO BE COMPLETED BY ATTORNEY) | TRANSCRIPT INFORMATION – FORM B | |
|---|---|---|
| ► QUESTIONNAIRE | ► TRANSCRIPT ORDER | ► DESCRIPTION OF PROCEEDINGS FOR WHICH TRANSCRIPT IS REQUIRED (INCLUDE DATE). |
| [ ] I am ordering a transcript<br>[XX] I am not ordering a transcript<br>Reason:<br>[ ] Daily copy is available<br>[ ] U.S. Attorney has placed order<br>[ ] Other. Attach explanation<br>PRO SE IN FORMA PAUPERIS | Prepare transcript of<br>[ ] Pre-trial proceedings<br>[ ] Trial<br>[ ] Sentence<br>[ ] Post-trial proceedings | Dates |

The ATTORNEY certifies that he/she will make satisfactory arrangements with the court reporter for payment of the cost of the transcript. (FRAP 10(b))  ► Method of payment [ ] Funds [ ] CJA Form 24  Pro Se – In Forma Pauperis

ATTORNEY'S signature  M Vondette Pro Se Appellant    DATE April 26, 2007

► COURT REPORTER ACKNOWLEDGEMENT    To be completed by Court Reporter and forwarded to Court of Appeals.

| Date order received | Estimated completion date | Estimated number of pages. |
|---|---|---|
|  |  |  |

Date _____    Signature _____ (Court Reporter)

COPY 5 – REPORTER

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

UNITED STATES OF AMERICA,

   Appellee,

-vs-

MICHAEL VONDETTE,

   Appellant.

---X

No. _____
[97-CR-1010 (TCP)]
[Supreme Court #04-6228]

EMERGENCY/EXPEDITED
NOTICE OF INTERLOCUTORY APPEAL

 The Appellant, Michael Vondette, as indicated in the above captioned action, proceeding pro se, respectfully presents the instant EMERGENCY/EXPEDITED NOTICE OF INTERLOCUTORY APPEAL.

 The instant Notice is respectfully submitted pursuant to the Federal Rules of Appellate Procedure; Federal Rules of Criminal Procedure; 28 U.S.C. §1292, and or 28 U.S.C. §1651(a), and or 28 U.S.C. §2241, and or the appropriate Rule, statute, or law the Honorable Court deems proper. This Notice is based upon the instant Notice, together with the Affidavit of Appellant Michael Vondette in support therof, annexed herewith.

 This Notice stems from the MEMORANDUM AND ORDER put forth from the U.S. District Court, Eastern District of New York, Central Islip; per the Honarable Judge Thomas C. PLATT -- whereupon he denies several pending motions/petitions pending before the bar. Said 'denial' was signed by Judge PLATT on April 13, 2007, or maybe April 18, 2007, as it is unclear from the handwritten date on the copy of the Order Appellant received on April 23, 2007.

 The instant 'interlocutory appeal' is an EMERGENCY/EXPEDITED appeal because of the Appellant's Fifth and Fourteenth Amendment "liberty interests" -- as the Appellant has now been continuously incarcerated for over 10-years pursuant to an indictment that carries a U.S.Code statutory maximum term of imprisonment of "not more than 5 years" 21 U.S.C. §841(b)(1979), as a matter of ex post facto law.

Dated: Brooklyn, New York
   April 26, 2007

          Respectfully,

              _____
              Michael Vondette
              Appellant pro se

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

UNITED STATES OF AMERICA, :
          Appellee, :
   -vs- :    AFFIDAVIT OF APPELLANT MICHAEL
           :    VONDETTE IN SUPPORT OF INSTANT
MICHAEL VONDETTE,             EMERGENCY/EXPEDITED
           :    NOTICE OF INTERLOCUTORY APPEAL
          Appellant.
————————————————————X

    I, Michael Vondette, <u>pro se</u> Appellant in the above-entitled action, do now hereby swear and affirm to the truth of this Affidavit, under the penalties of perjury pursuant to 28 U.S.C. §1746, to wit;

    1. That I am Michael Vondette, proceeding <u>pro se</u> as the Appellant in the above-entitled action; and that I respectfully request to proceed <u>in forma pauperis</u> under 28 U.S.C. §1915 pursuant to Rule 24(a) of the Fed.R.App.P. based on my <u>in forma pauperis</u> granted in this Honorable Court [February 2006 and March 2007] and the U.S. Supreme Court [January 2005].

    2. That I received my copy of the lower Court's MEMORANDUM AND ORDER on April 23, 2007, at 15:45, directly from MDC Brooklyn staff Mr. GARCIA via 'legal mail' on the 8th floor office. Said Order was NOT date-stamped by the Court Clerk, but was apparently signed on either April 13, or April 18, 2007 -- as the hand-written date is difficult to make out.

    3. That the instant 'interlocutory appeal' is respectfully submitted as an EMERGENCY/EXPEDITED action because the Appellant is suffering irreversible **"irreparable harm"** each and every day he remains incarcerated pursuant to an indictment, conviction, and sentence that are each individually unconstitutional. And that even <u>in arguendo</u>, the U.S.Code statutory maximum term of imprisonment pursuant to the 1980 Marijuana [single] conspiracy, as pleaded in the indictment, is "<u>not more than 5 years</u>" 21 U.S.C. §841(b)(1979), under <u>ex post facto</u> law. Thus, Appellant's Fifth and Fourteenth Amendment "liberty interests" are ostensibly being violated every day -- as well as my Ex Post Facto Clause and Double Jeopardy Clause rights, as a matter of fact and law.

    4. That this action is submitted in the good-faith effort to resolve the entire litigation, is not for delay; but rather strives for the formal adjudication 'on the merits' of the several Constitution-based issues implicated herein.

5. That none of the issues to be presented in this action go to the issue of 'guilt or innocence'; but rather to the many Constitutional structural errors, rule of law errors, <u>ex post facto</u> and double jeopardy errors, and the lower Court's misinterpretation and misapplication of clearly established Federal law(s), as determined by the U.S. Supreme Court, and the Second Circuit.

6. That for example, the lower Court Judge invoked the mere 'spirit of the mandate' to avoid ruling 'on the merits' of the several post-2003 original appeal Constitution-based issues. Indeed, neither the lower Court, nor the Government, has, or can produce evidence, preserved from the original appellate record, that the Appeals Court considered at all, let alone "fully considered" all the Constitutional concerns within this case. Moreover, it defies logic and common sense to even allege that a 2003 Court somehow "fully considered" Constitutional 'rules of law', Fifth and Sixth Amendment findings that originate in 2004, 2005, 2006, and even 2007, particularly after the U.S. Supreme Court "vacated" the judgment in this case in January 2005.

7. "**That the guidelines are unconstitutional**", as claimed within the Appellant's written 'objections' to the PSR [at Page 30, ¶ 2, emphasis added] pre-sentence -- however, the lower court Judge erroneously ruled that a <u>Booker/Apprendi</u> error had not been preserved; clearly "contrary to" <u>Fagans</u>, 406 F.3d; <u>Gonzalez</u>, 420 F.3d; <u>Novak</u>, 443 F.3d; and <u>inter alia Doe</u>, 445 F.3d -- all Second Circuit cases.

8. That this action will include, as <u>issues presented for review</u> the following;

**A.** Whether the lower court misinterpreted, misapplied, and misunderstood, as a matter of law, the Appellant's Rule 33 Motion for a New Trial and its several Constitutional issues, and new rules of law from Supreme Court decisions made AFTER the original 2001 trial, including; [also AFTER the 2003 appellate panel]
   (1) Speedy Trial Act violations as in <u>Zedner</u>, 547 U.S. ____ (2006).
   (2) Sixth Amendment "denial of counsel" as is <u>Gonzalez-Lopez</u>, 548 U.S. ___ (2006) and <u>Norde</u>, 294 F.3d (2nd 2002).
   (3) Sixth Amendment 'fair trial' and 'confrontation' as in <u>Crawford</u>, 541 U.S. 36 (2004).
   (4) Ex Post Facto Clause violations that render the trial unconstitutional, as a matter of fact and law.

**B.** **Issue of first impression** -- whether Appellant's 2006/2007 <u>nunc pro tunc</u> supplement to his original Rule 33 motion for a new trial, which was granted and accepted by the lower court -- **retroactively** "preserves" pre-sentence <u>Booker</u>-based Constitutional error presented within the <u>nunc pro tunc</u> supplement ?

**C.** Whether the lower court misinterpreted, misapplied, and misunderstood, as a matter of law, the **'standard of review'** used to determine which of the several <u>Booker/Apprendi</u> based Constitutional error(s) if preserved pre-sentence require a re-sentencing.

D. Whether the lower court misidentified, misinterpreted, and misunderstood, as a matter of law, that which the Second Circuit has identified and established as applicable Booker/Apprendi based Constitutional error(s); any one of which must be preserved on the pre-sentence record in order to require re-sentencing ?

E. Same questions, as a matter of law, regarding the Appellant's 28 U.S.C. §1651(a) petition to dismiss the indictment due to "ineffective assistance of counsel" -- not as mis-characterized by the District Court a petition pertaining to pro se counsel -- pursuant to inter alia Rule 7(c) of the Fed.R.Cr.P., Fifth Amendment Due Process, and Sixth Amendment 'notice' ?

F. Whether the lower court misidentified, misinterpreted, and misapplied, as a matter of fact and law, the "mandate rule" in this instance, as applied to the many superseding and intervening Supreme Court findings and new rules of law from the decisions, all of which are well after the 2003 appellate panel decision ?

G. Whether the lower court misinterpreted, and failed to properly apply, as a matter of law, the Constitution's Ex Post Facto Clause and Double Jeopardy Clause as applied to the Appellant's in personam money judgment punishment lodged against him ?

H. Whether the lower court misinterpreted, misidentified, and failed to apply the Fifth and Sixth Amendment sentencing requirements pursuant to the Supreme Court decisions in Cunningham, 549 U.S. (2007); Booker/Apprendi, as mandated under **18 U.S.C. §3553(c) -- to wit, Constitutionally inadequate Articulation of reasons and facts used to determine the sentence** now required post-Booker by the Court(s) in Lake, 419 F.3d 111, and Lewis, 424 F.3d 239 (2nd Cir. 2005), as a matter of law?

I. Whether the lower court misinterpreted and misapplied the post-Booker requirements under **18 U.S.C. §3742(g), that upon remand** the defendant "**shall**" be resentenced when the original sentence violates §3742(f)(1) or (f)(2), as here, for the Supreme Court "vacated" the sentence as being 'in violation of the law', as a matter of law? See, United States v. Lauerson, 348 F.3d 329 (2nd Cir 2003)

J. Whether the lower court misinterpreted and failed to apply the proper "**harmless-error**" analysis to its original sentence under Fifth and Sixth Amendment holdings in Booker/Apprendi and Fagans, 406 F.3d (2nd 2005), whereas here, neither the lower court, nor the Government, can produce evidence, preserved on the written sentencing record, that the error(s) are in fact 'harmless' beyond a reasonable doubt, as a matter of law?

K. Whether the lower court misinterpreted and failed to apply the Constitution's **Double Jeopardy Clause** and **Ex Post Facto Clause**, as a matter of law, to the indictment, conviction, and sentence in this case?

Dated: Brooklyn, New York
       April 26, 2007

                                                    Respectfully submitted,

                                                    _____
                                                    Michael Vondette
                                                    Appellant pro se
                                                    MDC Brooklyn, #50936-198
                                                    P.O. Box 329002
                                                    Brooklyn, N.Y. 11232-9002

-3-

Michael Vondette
MDC Brooklyn, #50936-198
P.O. Box 329002
Brooklyn, N.Y. 11232

BROOKLYN NY 112
30 APR 2007 PM 5 T

Attn: <u>Court Clerk - Criminal - Pro Se Office</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
1044 Federal Plaza
Central Islip, N.Y. 11722

FIRST-CLASS