IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
JUN 29 2015
LONG ISLAND OFFICE

---------------------------------x
MICHAEL VONDETTE,                )
                                 )
            Movant-Defendant,    )   Case No. 97-cr-1010
                                 )
-vs-                             )
                                 )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Respondent-Plaintiff.)
---------------------------------x

MOTION UNDER 18 U.S.C. §3582(c)(2)
TO REDUCE INSTANT SENTENCE PURSUANT TO
AMENDMENT 591 TO THE SENTENCING GUIDELINES [AND]
MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE
OF ADJUDICATIVE FACTS [AND] FOR ASSIGNMENT OF COUNSEL

**NOW COMES** Michael Vondette, the Movant-Defendant in the above captioned case, proceeding pro se and hereinafter ("Movant"); and respectfully submits the instant motion for reduction of sentence under 18 U.S.C. §3582(c)(2) pursuant to application of Amendment 591 to the United States Sentencing Guidelines ("Am. 591") [and] for this Court to take Judicial Notice of Adjudicative Facts [and] for assignment of counsel -- all under the penalties of perjury pursuant to 28 U.S.C. §1746; and further under **Haines v. Kerner, 404 U.S. 519, 520-21 (1972)**(pro se pleadings to be "liberally construed").

## I. PRELIMINARY STATEMENT

Amendment 591 ("Am. 591"), made retroactive by Amendment 607, of the U.S. Sentencing Guidelines [U.S.S.G. §1B1.10] must be correctly applied to any and all Federal sentences imposed post-1987, as here (original sentence imposed in 2002). The existing sentence in this case, however, clearly failed to properly apply Am. 591 -- whereupon the instant unexplained, ex post facto 40-year sentence for a non-violent Marijuana conspiracy **committed in 1980** (a de facto 'life' sentence) is rendered remarkably lower under Am. 591. Whereby the proper application and analysis under Am. 591 renders a substantially lesser sentence than the one now in place. U.S.S.G., Title 18, Appx.; **United States v. Rivera, 293 F.3d 584, 585 (2nd Cir. 2002).**

## II. JURISDICTION

The Movant respectfully invokes this Court's jurisdiction under 18 U.S.C. §3582(c)(2); pursuant to Rule 201 of the Federal Rules of Evidence ["Judicial Notice of Adjudicative Facts"]; and Rule 44 of the Federal Criminal Code and Rules ["Right to and Assignment of Counsel"]. Fed.R.Crim.P. (2012); F.R.Evid. (2012).

The Movant further invokes this Court's inherent jurisdiction pursuant to Constitutional Due Process of law; the Ex Post Facto Clause; and the Equal Protection Clause. U.S. Const.

2.

## III. MOTION FOR JUDICIAL NOTICE

The Movant respectfully moves for this Court to take the requested "judicial notice" of the adjudicative facts provided with this motion. The Movant notes Rule 201(c) **"Taking Notice."** which states that "(A) court shall take judicial notice if requested by a party and supplied with the necessary information."; and Rule 201(d) **"Time of taking notice."** which states that "Judicial notice may be taken at any stage of the proceeding.". F.R.Evid., Rule 201 (2012).

Based upon the provided copy of the Movant's indictment, as attached hereto as Exhibit A; and public record sources "whose accuracy cannot reasonably be questioned." [Rule 201(b)] comes the following dispositive adjudicative facts:

1. **Fact** that the Movant's indictment at Count One clearly charges a Marijuana conspiracy **committed in January 1980**, as pleaded. [See, Exhibit A, copy of indictment as attached hereto]

2. **Fact** that Movant's indictment at Count One includes, as a sentencing statute, 21 U.S.C. §841(b)(1)(C); which under statutory law carries a sentence "not to exceed 20-years". See, Rule of Lenity (**Bifulco, 447 U.S. at 387 (1980)**). [See, Exhibit A, copy of the indictment as attached hereto]

3. **Fact** that Movant's indictment at Count Two charges a money laundering conspiracy under 18 U.S.C. §1956(h) **committed in October 1986** --- however, Congress does **NOT pass this law UNTIL 1992** under Public Law 102-550, §1530 ("Annunzio-Wylie Anti-Money Laundering Act") --- thus Count Two here charges an ex post facto crime that **does not yet exist.** [See, Exhibit A, at A-2; as attached hereto]

4. **Fact** that Movant's indictment at both Count One (1980) and Count two (in arguendo 1986) in this case charges offense(s) **committed before November 1, 1987.** [See, Exhibit A, as attached hereto]

5. **Fact** that offenses committed before Novemner 1, 1987 are entitled to a Federal sentence that includes the possibility of Federal Parole, and "statutory good time" under 18 U.S.C. §§ 4161 et seq; 4205 et seq. Fed.R.Crim.P.(2002); **Miller, 482 U.S. 423 (1987).**

3.

6. **Fact** that in <u>Rivera</u>, 293 F.3d, supra; the Second Circuit's controlling precedent decision concerning the application of Am. 591, the Court noted in its footnote #2, that;

> "(T)he Probation Office, and the court, used pre-November 1, 1989 Sentencing Guidelines to avoid an <u>ex post facto</u> problem under <u>Miller v. Florida</u>, 482 U.S. 423, 96 L.Ed.2d 351, .. (1987)."

<u>Id.</u> -- to wit, that Am. 591 requires <u>ex post facto</u> analysis in its proper application.

See, e.g., <u>Pani</u>, 152 F.3d at 75 (2nd cir 1998)(docket sheet, case records, and public records subject to judicial notice); <u>Hernandez-Fundora</u>, 58 F.3d at 812 (courts to take judicial notice of adjudicative facts).

### IV. RELEVANT FACTS

In the interests of brevity, and the presumption of this Court's knowledge of this lengthy and litigious case (for example, the Supreme Court vacated the judgment in 2005) -- the Movant will include fact(s) germane to this motion only.

1) The indictment, as pleaded, is attached hereto including all its incumbent error(s) -- which forms, <u>inter alia</u>, much of the legal rationale for this Am. 591 motion.

2) The 2002 PSR noted an <u>ex post facto</u> problem; but nevertheless failed to properly apply Am. 591 in its calculations; and recommended a sentence of 30-years and no fine.

3) The Sentencing Court imposed a completely unexplained 40-year sentence on Count One, and a statutory maximum 20-years on Count Two --- and failed to properly apply Am. 591, nor addresses the obvious <u>ex post facto</u> problem(s).

### V. RELIEF REQUESTED

The Movant respectfully requests the following relief:

1] Set forth, on the record, that this Court has indeed taken the requested Judicial Notice of the material dispositive adjudicative facts provided herein.

2] Set forth this Court's findings of fact and conclusions of law based on the proper analysis required under Am. 591 in accord with Constitutional Due Process of law.

4.

3] As deemed proper, Order a new <u>de novo</u> PSR that allows the Probation Office to properly apply Am. 591 [and] explain their Am. 591 based sentencing methodology.

4] Modify and reduce Movant's instant sentence in accord with the full and proper application of Am. 591, and it's due process of law requirements; and for any such relief as deemed by the Court appropriate in the interests of fair justice.

### VI. LEGAL ARGUMENTS AND PROOF THAT AMENDMENT 591 WAS NOT APPLIED TO MOVANT'S SENTENCE [AND] THAT THIS MOTION IS THEREFORE COGNIZANT.

The Movant respectfully notes that the record in this case clearly establishes that Am. 591 was not applied to determine the Movant's sentence. [See, Exhibit A, copy of indictment] See, e.g., 2002 PSR. The Court in **Rivera, 293 F.3d at 585-86, supra;** set forth the proper application protocols of Am. 591 for a proposed sentence in accord with due process of law. The **Rivera** Court further established that <u>ex post facto</u> analysis is integral to the calculus necessary to properly implement Am. 591. See, **Rivera, 293 F.3d at fn #2.** The Court also noted "distinct steps taken to arrive at a [proper] sentence:"; which are required to be followed. <u>Id</u>. at 585. The proper steps to be followed are as follows:

> (1) Determine and identify the specific 'crime of conviction', as pleaded, devoid of any judicial factfinding.
>
> (2) Determine when the crime of conviction was committed, as pleaded, devoid of any judicial factfinding.
>
> (3) Conduct <u>ex post facto</u> analysis as to proper sentencing scheme and methodology, as applied to committed crimes.
>
> (4) Subsequent to first three(3) mandates, if applicable, determine from "Statutory Index (Appendix A)" [U.S.S.G.] an initial selection of the 'offense guideline based solely on the offense of conviction.

<u>Id</u>.; see also, Amendment 591, USSG (2002). In this case, **neither** the Government, **nor** the PSR, **nor** the Court properly implemented Am. 591.

### A. Clear And Explicit Evidence Establishes Failure To Apply Am. 591 To Movant's Sentence.

The material facts are clear and irrefutable, as <u>inter alia</u> pleaded on the face of Movant's indictment [See, Exhibit A] -- that Am. 591 was not applied in this case. The incontrovertible proof that Am. 591 was not implemented is as follows:

1. <u>**Brady**</u> **Violation** -- because had Am. 591 been properly applied, then the Government would have been forced to meet its Constitutional obligation to disclose the dispositive **exculpatory** evidence that pro se Movant's crime(s) were committed **BEFORE** November 1, 1987 -vs- the post-1987 based U.S.S.G. methodology used. [See, Exhibit A] <u>**Brady v. Maryland**</u>, 373 U.S. 83 (1963).

2. <u>**Ex Post Facto**</u> **Clause Violation** -- because had Am. 591 analysis been properly conducted, then the Sentencing Court would have known that the Count One Marijuana conspiracy is **committed** in January of **1980**; and thus subject to 1980 U.S.Code statutory law based sentencing methodology. <u>**United States v. Peugh**</u>, 569 U.S. ___, 133 S.Ct. 2072, 2085-87 (2013); <u>**Miller**</u>, 482 U.S., **supra**. [See, Exhibit A]

3. <u>**Equal Protection**</u> **Clause and Due Process Violation(s)** -- because had Am. 591 been properly applied, then Movant would not have been **denied his Constitutional right(s)** to a) Federal Parole considerations and b) Statutory Good-Time (18 U.S.C. §§ 4161 <u>et seq</u>, 4205 <u>et seq</u>) based on crimes committed before November 1, 1987. <u>**Weaver v. Graham**</u>, 450 U.S. 24, 33-35 (1981).

4. <u>**Rule of Lenity**</u> **Violations** -- whereby pursuant to a mere cursory analysis under Am. 591, the remarkably ambiguous charges pleaded in the confusing indictment would have been exposed. Count One conflates bogus multiple conspiracies with alleged 'controlled substances' that **do not even exist** [See, Count One, and its "marijuana mixed with methaqualone"]; and further includes multiple conflicting **different sentencing schemes** [See, Count One, 21 U.S.C. §§ (b)(1)(C) **[and]** (b)(1)(A)]. Count Two, as noted supra, charges a money laundering conspiracy crime that **does not yet exist** [See, Judicial Notice at #3, supra]; and was allegedly committed in 1986. Thus, the most rudimentary Am. 591 analysis and review, had it been conducted, would have compelled the Sentencing Court to apply, inter alia, the Rule of Lenity. <u>**Bifulco v. United States**</u>, 447 U.S. 381, 387 (1980); <u>**United States v. McGee**</u>, 553 F.3d 225, 228-29 (2nd Cir 2009) (Rule of Lenity applies to §3582(c)(2) motions).

Accordingly, a simple review of Movant's indictment, as compared to the <u>ex post facto</u> 40-year sentence (a <u>de facto</u> 'life' sentence) imposed, establishes irrefutable proof that Am. 591 was not applied in the original sentence. [See, Exhibit A]  In **<u>Eubanks v. United States</u>**, 2005 U.S.Dist. LEXIS 16712 (SDNY) that Court noted:

> "Amendment 591 is therefore only pertinent in considering the court's **<u>determination of the applicable sentencing guideline</u>**."

<u>Id</u>. (emphasis added).  Therefore here, based on a proper application of Am. 591; there is <u>no</u> U.S.S.Guidelines legally appropriate for Movant's sentence scheme/methodology -- and thus proper compliance with Am. 591 pursuant to §3582(c)(2) renders a lower sentence.

### B. Failure To Apply Am. 591 To Movant's Sentence Is Fundamental Sentencing Error.

As noted supra, Am. 591 is mandatory for all sentences imposed pursuant to the post-1987 Federal sentencing scheme and methodology.  18 U.S.C. §3553(a); 28 U.S.C. §994; Sentencing Reform Act ("SRA").  Therefore, when the Government, the Probation Office, and the Sentencing Court <u>all</u> fail to comply with Am. 591 mandates, as in this case, it manifests "fundamental sentencing error".  See, **<u>United States v. Juwa</u>**, 508 F.3d 694, 700 (2nd Cir 2007)(confusion as to sentencing court's determinations rendered the sentence 'procedurally unreasonable').  Indeed, due process of law is not discretionary; and the failure to apply Am. 591 on Movant's sentence is so procedurally flawed that it effectively establishes a "fundamental miscarriage of justice" -- in addition to other material errors including, <u>inter alia</u>, the following:

7.

1] **Erroneous View Of The Law** -- whereby ex post facto/due process law is clearly established, and the failure of the Sentencing Court to apply Am. 591 within an ex post facto context is "plain error"; particularly considering Movant's indictment on its face, with the clearly pleaded pre-1987 crimes. [See, Exhibit A] **Miller**, 482 U.S., supra; **Peugh**, 569 U.S., supra.

2] **Clearly Erroneous Assessment Of The Facts** -- whereby the material facts are very clear, as pleaded in the indictment [See, Exhibit A]; with Count One '**committed**' in 1980, and thus subject to 1980 U.S. Code based sentencing scheme/methodology [and] Count Two as completely illegal and ex post facto --- thus the Sentencing Court's failure to apply Am. 591 and ascertain the material facts correctly is "clearly erroneous".

3] **Unconstitutional Sentence That Is Impermissible** -- whereby the Constitution's Ex Post facto Clause, Equal Protection Clause, and Due Process Clause are all violated due to the Sentencing Court's failure here to properly apply Am. 591; as the Movant has a Constitutional right to be sentenced with a possibility for Federal Parole [and] Statutory Good Time [18 U.S.C. §§ 4161 et seq, 4205 et seq] based on pre-1987 crimes, as pleaded in the indictment [See, Exhibit A]. **Miller**, 482 U.S., supra; **Peugh**, 569 U.S., supra.

4] **Misinterpretation/Misapplication Of U.S.S.Guidelines** -- whereby the Sentencing Court's failure to apply Am. 591 led to the Judge's erroneous use of the post-1987 U.S.S.G. to invent an illegal sentence; when under ex post facto/equal protection/due process law the Judge was precluded from using these Guidelines --- thus the Sentencing Judge is guilty of a Constitutional mis-apprehension of the proper sentencing scheme and methodology applicable to Movant's crimes.

5] **Outside Heartland Application And Atypical** -- whereby a conspiracy 'committed' in **1980**, Count One here, is "outside the heartland application" of the post-1987 U.S.S.Guidelines [and] an §846 crime committed in 1980, as here, is "atypical" of any §846 offense appropriate to the post-1987 U.S.S.Guidelines --- and the Sentencing Court's failure to, inter alia, apply Am. 591 made it impossible for the Judge to notice this error.

Consequently, in toto, the Sentencing Court's failure to comply with Am. 591 and it's required analysis has resulted in 'fundamental sentencing error'; and arguably manifests a clear "miscarriage of justice" --- now correctable by this Court under §3582(c)(2).

8.

## VII. CONCLUSION

The Court in <u>Rivera</u> established that <u>ex post facto</u> review and analysis is an integral required part of Am. 591 calculus [and] the <u>McGee</u> Court similarly found that the Rule of Lenity is appropriate in Am. 591 applications. <u>Rivera</u>, 293 F.3d, supra; <u>McGee</u>, 553 F.3d, supra. See also, <u>Miller</u>, 482 U.S., supra; <u>Peugh</u>, 569 U.S., supra.

Neither the Government, nor the Sentencing Court can point to or produce any evidence from the sentencing record that Am. 591 was properly applied to Movant's sentencing methodology. This very lack of material evidence is overwhelming proof that Am. 591 was not previously complied with in this case.

Therefore, the full and proper application here of Am. 591 under 18 U.S.C. §3582(c)(2) renders a lesser sentence.

**WHEREFORE**, based on the good cause and evidence adduced herein, this Honorable Court should grant the relief as requested as deemed proper in the interests of fair justice.

Dated: Lompoc, California
      June 25, 2015

Respectfully submitted,

Michael Vondette
FCI-Med.; #50936198
3901 Klein Blvd.
Lompoc, CA 93436

**EXHIBIT A**

EXHIBIT A

JA:BTR:br
F.#1996R0415
VondetteS2.Ind

FILE COPY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

　　- against -

MICHAEL J. VONDETTE,
　also known as "Glenn Titus,"
　"Big Guy," "Big," "Harry,"
　"Steve," and "Upstate Steve,"

　　　　　　Defendant.

- - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 97-1010 (S-2)(TCP)
(T. 21, U.S.C., §§
841(b)(1)(A)(vii),
841(b)(1)(C), 846 and
853; T. 18, U.S.C.
§§ 1956(h), 982, 2
and 3551 et seq.)

THE GRAND JURY CHARGES:

### COUNT ONE
(Conspiracy to Distribute and
Possess with the Intent to Distribute)

　　1.　In or about and between January 1980 and October 30, 1997, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MICHAEL J. VONDETTE, also known as "Glenn Titus," "Big Guy," "Big," "Harry," "Steve," and "Upstate Steve," after a prior conviction for a felony drug offense had become final, together with others, did knowingly and intentionally conspire to distribute and to possess with intent to distribute in excess of one thousand kilograms of hashish, in excess of one thousand kilograms of a mixture and substance containing marijuana and methaqualone, Schedule I controlled substances, in violation of Section



841(a)(1) of Title 21, United States Code.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(vii) and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
(Conspiracy to Launder Money)

2.   In or about and between October 27, 1986 and January 30, 2000, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MICHAEL J. VONDETTE, also known as "Glenn Titus," "Big Guy," "Big," "Harry," "Steve," and "Upstate Steve," together with others, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, did knowingly and intentionally conspire to conduct financial transactions affecting interstate commerce, to wit: the transfer of currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: distribution of controlled substances, in violation of Title 21, United States Code, Section 841, with the intent to promote the carrying on of said specified unlawful activity, and knowing that the transactions were designed in whole and in part to disguise the nature, source, ownership and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

CERTIFICATION OF SERVICE

Re: <u>Vondette v. U.S.; 97-cr-1010; Reduce Sentence §3582(c)(2)</u>

I, Michael Vondette, the pro se Movant in this action, do hereby affirm/swear under the penalties of perjury, that true and correct copies of:

MOTION UNDER 18 U.S.C. §3582(c)(2)
TO REDUCE INSTANT SENTENCE PURSUANT TO
AMENDMENT 591 TO THE SENTENCING GUIDELINES [AND]
MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE
OF ADJUDICATIVE FACTS [AND] FOR ASSIGNMENT OF COUNSEL

[with Exhibit]

have bee served/filed by first-class prepaid Mail by U.S. Postal Service, under <u>Houston v. Lack</u>, 487 U.S. 266 (1988) to the following addresses:

United States Attorneys Office
U.S. Courthouse - E.D.N.Y.
600 Federal Plaza
Central Islip, N.Y. 11722

United States District Court
Eastern District of New York
1000 Federal Plaza
Central Islip, N.Y. 11722

Dated: Lompoc, California
       June 25, 2015

Respectfully submitted,

_____
Michael Vondette
Movant pro se
FCI-Med.; #50936198
3901 Klein Blvd.
Lompoc, CA 93436

CERTIFICATION OF SERVICE

(JFB)

Re: <u>Vondette v. U.S.; 97-cr-1010; Reduce Sentence §3582(c)(2)</u>

FILED
U.S. IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
★ JUN 29 2015 ★
LONG ISLAND OFFICE

I, Michael Vondette, the pro se Movant in this action, do hereby affirm/swear under the penalties of perjury, that true and correct copies of:

MOTION UNDER 18 U.S.C. §3582(c)(2)
TO REDUCE INSTANT SENTENCE PURSUANT TO
AMENDMENT 591 TO THE SENTENCING GUIDELINES [AND]
MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE
OF ADJUDICATIVE FACTS [AND] FOR ASSIGNMENT OF COUNSEL

[with Exhibit]

have bee served/filed by first-class prepaid Mail by U.S. Postal Service, under <u>Houston v. Lack</u>, 487 U.S. 266 (1988) to the following addresses:

United States Attorneys Office
U.S. Courthouse - E.D.N.Y.
600 Federal Plaza
Central Islip, N.Y.  11722

United States District Court
Eastern District of New York
1000 Federal Plaza
Central Islip, N.Y.  11722

Dated: Lompoc, California
       June 25, 2015

Respectfully submitted.

*M. Vondette* (signature)

Michael Vondette
Movant pro se
FCI-Med.; #50936198
3901 Klein Blvd.
Lompoc, CA  93436

United States District Court
Eastern District of New York
Clerk for the Court
1000 Federal Plaza
Central Islip, N.Y.   11722

[June 25, 2015]

FILED
U.S. DISTRICT CLERK'S OFFICE
JUN 29 2015
LONG ISLAND OFFICE ★

Re: <u>Vondette v. U.S.; §3582(c)(2); Reduce Sentence</u>

Dear Court Clerk,

    Enclosed please find the following documents:

1. MOTION UNDER 18 U.S.C. §3582(c)(2) TO REDUCE INSTANT SENTENCE PURSUANT TO AMENDMENT 591 TO THE SENTENCING GUIDELINES [AND] MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE OF ADJUDICATIVE FACTS [AND] FOR ASSIGNMENT OF COUNSEL.

        [with Exhibit]

2. CERTIFICATION OF SERVICE

    Kindly date-stamp as docketed pursuant to the Court's Rules at your first convenience.

    Thank you for your time and consideration in this matter.

Respectfully submitted,

_____
Michael Vondette
Movant pro se
FCI-Med.; #50936198
3901 Klein Blvd.
Lompoc, CA   93436