# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 97-CR-1010 (JFB)
_____

UNITED STATES OF AMERICA

VERSUS

MICHAEL VONDETTE,

Defendant.
_____

**MEMORANDUM AND ORDER**
August 4, 2016
_____

JOSEPH F. BIANCO, District Judge:

Defendant, Michael Vondette ("defendant" or "Vondette"), moves this Court pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 591 to the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") for a reduction of his 480-month sentence imposed by Judge Thomas C. Platt, Jr. on June 21, 2002. As explained below, a sentence reduction is not warranted under Amendment 591.

I. FACTUAL BACKGROUND

Vondette was arrested on October 20, 1997 in connection with his involvement in an international drug conspiracy. A Superseding Indictment entered in 2000 charged Vondette in two counts. Count One alleged that Vondette engaged in a conspiracy to distribute and possess controlled substances with the intent to distribute between January 1980 and October 30, 1997 in violation of 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(C), and 846. Count Two alleged that Vondette engaged in a conspiracy to launder money between October 27, 1986 and January 30, 2000 in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

On June 5, 2001, after a trial by jury, Vondette was convicted of conspiracy to distribute in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 and conspiracy to launder money in violation of 18 U.S.C. § 1956(a)(1)(A). He was sentenced to 480 months in prison (forty years' imprisonment on Count One and twenty years' on Count Two, running concurrently). The Court also imposed a fine of $25,000 on both Counts.

Following his sentence, Vondette filed a number of appeals, including a petition for habeas relief pursuant to 28 U.S.C. § 2255, which was denied on November 30, 2000. (*See* ECF No. 246.)

## II. DISCUSSION

Vondette now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 591 to the Guidelines.

### A. Section § 3582(c)(2)

"A sentencing court may not modify a sentence once it has been imposed except under the limited conditions set forth in 18 U.S.C. § 3582." *Poindexter v. United States*, 556 F.3d 87, 89 (2d Cir. 2009). Section 3582(c)(2) provides that a court may reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by an amendment to the Guidelines. 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a).

District courts considering a defendant's motion under § 3582(c)(2) perform a two-step inquiry. *See Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the court must determine if the prisoner is eligible for a sentence modification because an applicable amendment has reduced the defendant's sentencing range. *Dillon*, 560 U.S. at 827. Amendment 591 to the Sentencing Guidelines is such an applicable amendment supporting relief under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(c). Second, if the defendant is eligible for a sentence reduction, the court must then consider any applicable 18 U.S.C. § 3553(a) factors, along with "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," to determine whether the reduction is warranted in whole or in part under the particular circumstances of the case. *Dillon*, 560 U.S. at 827.

Importantly, however, "even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate." *Freeman*, 131 S. Ct. at 2694; *see also, e.g.*, *United States v. Figueroa*, 714 F.3d 757, 761 (2d Cir. 2013) (upholding denial of sentence reduction, despite the defendant's eligibility, based on the defendant's threat to the community). "The district court has substantial discretion to determine how it will evaluate a § 3582(c)(2) motion and whether to grant a sentence reduction." *United States v. Young*, 555 F.3d 611, 612 (7th Cir. 2009).

### B. Amendment 591

Amendment 591 to the Guidelines "requires that the initial selection of the offense guideline be based only on the statute or offense of conviction, rather than on judicial findings of actual conduct not made by the jury." *Poindexter*, 556 F.3d at 88 (citing U.S.S.G. App'x C, Amend. 591 (2003)); *see also United States v. Rivera*, 293 F.3d 584, 585 (2d Cir. 2002). Thus, for example, Amendment 591 prohibits the court from applying U.S.S.G. § 2D1.2, which imposes heightened penalties for drug sales occurring in a "protected location," unless the jury specifically convicted the defendant of violating a statute for which the Statutory Index identifies § 2D1.2 as the corresponding guideline section. *See United States v. Augarten*, 84 F. App'x 564, 566 (6th Cir. 2003) ("Amendment 591 provides that the enhanced penalties of USSG § 2D1.2 do not apply where, although the defendant engaged in conduct described in § 2D1.2, the defendant was not in fact convicted of an offense referenced to § 2D1.2."); *United States v. Baez*, No. 89 CR. 133 (MBM), 2002 WL 1163575, at *2 (S.D.N.Y. June 3, 2002) (explaining that § 2D1.2 applies only "when the defendant is actually convicted of drug trafficking in a protected location"). Amendment 591 makes clear that the court could not, in this example, select § 2D1.2

2

based on its own conclusion that the trafficking occurred in a protected area. *Compare Baez*, No. 89 CR. 133 (MBM), 2002 WL 1163575, at *2 (holding that § 2D1.2 was properly applied because the defendants were actually convicted of drug trafficking in a protected area and therefore no reduction under Amendment 591 was warranted). Thus, Amendment 591 instructs that the appropriate offense guideline is determined by locating the statute of conviction in the Statutory Index to the Guidelines and then selecting the corresponding offense guideline, rather than the judge selecting "a guideline which might be applicable to other relevant conduct that was not the subject of the offense of conviction." *Augarten*, 84 F. App'x at 566; *see also Tavarez v. United States*, No. 96 CR. 895 NRB, 2011 WL 5022990, at *2 (S.D.N.Y. Oct. 13, 2011); *see also United States v. Rodriguez*, No. 93CR.339(JGK), 2009 WL 2033087, at *2 (S.D.N.Y. July 8, 2009) (explaining that Amendment 591 is "intended to emphasize that the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction").

Here, the Court followed the procedure outlined by Amendment 591. The Court properly selected offense guideline § 2D1.1 ("Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy") from the Guideline's Statutory Index as the offense guideline corresponding to the statutes of conviction, 21 U.S.C. §§ 841(b)(1)(A) and 846.[1] This determination was based solely on the statutes of conviction and did not rely on or incorporate any judicial fact-finding; therefore, Vondette's sentence comports with Amendment 591 and does not warrant a reduction.[2] *See Augarten*, 84 F. App'x at 566 (denying motion for a reduced sentence because the defendant's conviction for "[c]onspiracy to possess with the intent to distribute a controlled substance [under 21 U.S.C. §§ 841(a)(1) and 846] [was] specifically covered under USSG § 2D1.1" and therefore no judicial fact-finding was necessary to select the appropriate offense guideline, making Amendment 591 inapplicable); *Tavarez*, 2011 WL 5022990, at

---

[1] The Statutory Index to the 1998 Guideline Manual, under which Vondette was sentenced, identifies § 2D1.1 as the guideline section applicable when the statute of conviction is 21 U.S.C. § 841(b)(1). The Index also identifies § 2D1.1 as an applicable offense guideline for a violation of § 846, though it also lists several others that may apply in "limited circumstances." *See Eubanks v. United States*, No. 97 CIV. 3891 (PKL), 2005 WL 1949474, at *8 (S.D.N.Y. Aug. 11, 2005). However, it is clear that no other offense guideline is applicable here. *Id.* (holding that "it is indisputable that USSG § 2D1.1 is the applicable offense guideline for a violation of 21 U.S.C. § 846," in a case where the defendant was convicted of conspiracy to distribute and of possession with intent to distribute).

[2] According to the government, Vondette argues that "his sentence in which his base offense level was selected by the judge based on drug quantity findings not made by a jury must also be proscribed by Amendment 591." (Gov't's Opp'n at 3.) The Court does not agree that Vondette makes such an argument, but assuming he had, as the government correctly notes, this argument would not succeed. The case law is clear that Amendment 591's proscription against reliance on judicial fact-finding applies only to the selection of the applicable *offense guideline*, not to the *base offense level*. *See, e.g.*, *Rivera*, 293 F.3d at 586 ("The plain wording of Amendment 591 applies only to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level."). Thus, even if Judge Platt calculated the base offense level using his own findings of fact regarding the drug quantities, it is of no moment because the *offense guideline* was selected based solely on the offenses of conviction.

3

*2 (sentencing procedures did not run afoul of Amendment 591 where court selected § 2D1.1 as the offense guideline corresponding to the offense of conviction, 21 U.S.C. § 846, in the Statutory Index to the Guidelines); *United States v. Garcia*, No. 01CR245 (ARR), 2010 WL 331680, at *2 (E.D.N.Y. Jan. 22, 2010) (explaining that the defendant's sentence was consistent with Amendment 591 because "the court's selections of offense guidelines were properly based on the statutes of conviction [(21 U.S.C. §§ 846, 841(b)(1)(B))] which, pursuant to the Statutory Index of the Guidelines Manual, called for application of U.S.S.G. § 2D1.1"); *Eubanks*, 2005 WL 1949474, at *8 (motion under § 3582(c)(2) was without merit because the sentencing court properly selected § 2D1.1 as the offense guideline for a violation of § 846, and therefore no reduction pursuant to Amendment 591 was warranted).[3]

C.    Remaining Arguments

In fact, although Vondette moves under Amendment 591, he does not actually argue that the sentencing court contravened Amendment 591 by impermissibly relying on judicial findings of fact to select the applicable offense guideline, but he instead makes a variety of arguments in both his moving and reply papers concerning ways in which his sentence allegedly violates the Ex Post Facto Clause. These arguments are entirely unrelated to Amendment 591 and are not cognizable under § 3582(c)(2), which applies only when a defendant's sentencing range has subsequently been lowered by the Sentencing Commission. Therefore, they cannot form the basis for the relief Vondette seeks. *See United States v. Windley*, No. CR-03-910(CPS), 2009 WL 483329, at *2 (E.D.N.Y. Feb. 25, 2009) (holding that the court had no authority pursuant to § 3582(c)(2) to reduce a defendant's sentence where he did not argue that there had been a retroactive amendment to the Sentencing Guidelines).

However, even if the Court were to consider Vondette's arguments, they would fail. For instance, Vondette argues that his "indictment . . . charges a money laundering conspiracy under 18 U.S.C. § 1956(h) committed in October 1986 --- however, Congress does not pass this law until 1992 . . . . [T]hus [the money laundering count] . . . charges an ex post facto crime that does not yet exist." (Mot. at 3 (emphasis omitted).) Vondette's argument fundamentally mischaracterizes the facts. Though the money laundering conspiracy began in 1986, it continued through 2000. There is no Ex Post Facto Clause violation where the offense continued after the statute of conviction became effective. *See, e.g.*, *U.S. v. Duncan*, 42 F.3d 97, 104 (2d Cir. 1994) ("[C]ontinuing offenses such as conspiracy . . . do not run afoul of the Ex Post Facto Clause if the criminal offenses continue after the relevant statute becomes effective."); *United States v. Mermelstein*, 487 F. Supp. 2d 242, 253 (E.D.N.Y. 2007) ("Continuing offenses . . . do not violate the Ex Post Facto Clause if the criminal behavior alleged in the indictment continues beyond the effective date the relevant statute."). Therefore, Vondette was properly charged for violating

---

[3] Vondette also submitted a letter, dated June 30, 2016, in which he requests that the Court order the Probation Department to respond to an earlier Order, issued by this Court, which directed the Probation Department to "prepare an addendum for the Court reflecting whether Mr. Vondette is eligible for relief based upon Amendment 591." (ECF No. 530.) However, in light of the government's response on this issue (*see* ECF No. 534) and, as explained above, the clear inapplicability of Amendment 591, the Court withdraws its request for the Probation Department to analyze this issue, rendering moot Vondette's request.

a statute that was in effect at the time the conspiracy ended.

Vondette makes a similar and equally unavailing argument in his reply papers, contending that his conspiracy to distribute began (and was thus "committed") in 1980 and therefore he should have been sentenced under the version of 21 U.S.C. § 846 in effect at that time, rather than the version that was subsequently amended in 1988. Again, this argument reflects a fundamental misunderstanding of how continuing crimes are sentenced. While the conspiracy to distribute may have commenced in 1980, it continued until 1997, and therefore, the sentencing court was correct in sentencing him under the amended version of § 846 that was in effect when the conspiracy ended in 1997. In fact, the cases that Vondette cites in support of his argument actually apply the version of § 846 in effect at the end date of the conspiracy, not the start date, flatly contradicting his argument. *See, e.g.*, *United States v. Moon*, 926 F.2d 204, 210 (2d Cir. 1991) (using termination date of conspiracy to determine applicable version of statute); *United States v. Castro*, 87 CR 305, 1993 U.S. Dist. LEXIS 3212, at *3 (E.D.N.Y. Mar. 2, 1993) (noting that court would use penalties imposed by version of statute in effect *at the end of the conspiracy*).[4]

The same reasoning applies with regard to Vondette's argument that he is "entitled to a Federal sentence that includes the possibility of Federal Parole and 'statutory good time' under 18 U.S.C. §§ 4161 et seq[.]; 4205 et seq[.]" (Mot. at 3.) Vondette argues that 18 U.S.C. §§ 4161 and 4205 allowed for federal parole and "statutory good time" credit on sentences for crimes committed before the provisions were repealed by the Sentencing Reform Act, made effective in November 1, 1987.[5] Vondette contends that he was charged with offenses commencing before 1987 and, therefore, that he should be entitled to these benefits. However, although the crimes commenced prior to 1987, they continued well after that date. As noted, where the offense straddles the effective date of the new law, it is appropriate to sentence

---

[4] Vondette separately submitted a "Motion Under 28 U.S.C. § 1331 'Federal Question'; or Any Statute Deemed Proper by This Court" (ECF No. 535), in which he makes a similar argument that the imposition of the $25,000 fine when he was sentenced in 2002 is an ex post facto violation because he allegedly committed the crime in 1980, at which point the statutory maximum penalty was $15,000. This argument fails for the same reasons as his other ex post facto arguments. The conspiracies to distribute and to launder money continued until 1997 and 2000, respectively, and he was therefore properly sentenced under the guidelines in effect at the time the offense was ended, which do not include the alleged $15,000 statutory maximum. (*See* Presentence Investigation Report at 16.)

Vondette also challenges the fine on other grounds, including that it violates the Eighth Amendment and the Equal Protection Clause. These arguments are not properly before this Court. The only basis for the Court to hear these arguments would be a petition for habeas relief pursuant to 28 U.S.C. § 2255; however, Vondette has already filed a § 2255 habeas motion, which was denied in November 2000 (ECF No. 246), and he has not obtained the required permission to file a second habeas petition. *See Quezada v. Smith*, 624 F.3d 514, 517 (2d Cir. 2010) ("The AEDPA requires the permission of a court of appeals to file a second or successive habeas corpus petition in a district court.").

Vondette also submitted a letter dated July 27, 2016 (ECF No. 542), requesting that the Court establish a briefing schedule on this issue. Vondette's request is denied, as the Court finds that no further briefing is necessary for the Court to resolve this claim.

[5] *See Bennett v. Terris*, No. 12-14225, 2014 WL 128291, at *1 (E.D. Mich. Jan. 14, 2014) (explaining that the Sentencing Reform Act "eliminated the parole system for offenses committed after the effective date of the Act" and "significantly reduced the amount of statutory good time credit a federal prisoner can earn against his sentence").

the defendant under the new statute. *See United States v. Story*, 891 F.2d 988, 993-96 (2d Cir. 1989) (holding that the Sentencing Reform Act requires application of the Guidelines to crimes which began prior to the November 1, 1987 effective date of the Guidelines and continued past that date); *see also United States v. Rivera*, 376 F.3d 86, 88 (2d Cir. 2004). Therefore, it was proper to sentence Vondette under Guidelines, which were effective after 1987, and which do not provide for federal parole or the former rate of accrual of "statutory good time."[6]

Accordingly, Vondette is not entitled to a sentence reduction based on any of the arguments advanced in connection with his motion pursuant to Amendment 591.

III. CONCLUSION

For the foregoing reasons, Vondette's motion to reduce his sentence under Amendment 591 is denied.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 4, 2016
       Central Islip, New York

\*   \*   \*

Vondette proceeds *pro se*. The government is represented by Burton T. Ryan, Jr., United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, NY 11722.

---

[6] In addition to his ex post facto arguments, he argues that the sentencing court sentenced him in excess of the statutory maximum on the conspiracy to distribute charge by imposing a forty-year sentence because this Count in the indictment included a charge for violation of 18 U.S.C. § 841(b)(1)(C), which carries a maximum sentence of twenty years. Though the Superseding Indictment claimed a violation of § 841(b)(1)(C), it also referenced a violation of § 841(b)(1)(A), and he was convicted of, and sentenced for, a violation of § 841(b)(1)(A), for which the maximum sentence is life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). Therefore, his sentence of forty years' imprisonment did not exceed the statutory maximum.

6