# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————
№ 97-CR-1010 (JFB)
———————————————

MICHAEL VONDETTE,

Petitioner,

VERSUS

UNITED STATES,

Respondent.

———————————————

**MEMORANDUM AND ORDER**
August 12, 2019

———————————————

FILED
CLERK
8/12/2019 1:52 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

JOSEPH F. BIANCO, Circuit Judge (sitting by designation):

Michael Vondette has filed a *pro se* motion, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, seeking to amend his judgment of conviction to reduce the special assessment of $200 ($100 on each of the two counts of conviction) that was imposed at the time of his conviction under 18 U.S.C. § 3013. (Mot., ECF No. 557.) Vondette argues that only $50 on each count should have been imposed because his crimes began prior to the 1996 amendment to Section 3013 and, thus, applying the $100 amount constitutes a violation of the Ex Post Facto Clause.

On June 6, 2001, Vondette was convicted of conspiring to distribute hashish, marijuana, and methaqualone, and conspiring to launder money. (ECF No. 363.) On September 3, 2002, Vondette was originally sentenced to 480 months' imprisonment, along with five years of supervised release, a $25,000 fine, forfeiture of $2,027,845, and the $200 mandatory, special assessment ($100 on each count of conviction). (ECF No. 405.) On March 8, 2018, Vondette's term of incarceration was later reduced to 360 months, pursuant to amendments to the United State Sentencing Guidelines. (ECF No. 554.)

For the reasons that follow, the Court denies the motion. First, Rule 36 is not a proper procedural mechanism for asserting that the Court committed legal error in the imposition of the special assessment. Second, to the extent Vondette is attempting to challenge his sentence under 28 U.S.C. § 2255, he does not have authorization from the Second Circuit to bring a successive Section 2255 motion. In any event, his claim lacks any merit.

## I. BACKGROUND

### A. Facts

The Court takes the following facts from the underlying record. Vondette was arrested in 1997, pursuant to an Indictment, in connection with his involvement in an international drug conspiracy. (ECF No. 1.) On November 9, 2000 Vondette was charged in a Superseding Indictment with the following: one count of conspiracy to distribute (and possess with intent to distribute) controlled substances from January 1980 through October 30, 1997, in violation of 21 U.S.C. §§ 841 (b)(1)(A), 841 (b)(1)(C), and 846; and one count of conspiracy to launder money from October 27, 1986 through January 30, 2000, in violation of 18 U.S.C. §§ 1956 (a)(1)(A)(i) and 1956 (a)(1)(B)(i). (ECF No. 231.)

On June 6, 2001, after a trial by jury, Vondette was convicted of both counts in the Superseding Indictment. He was sentenced to 480 months of incarceration, along with five years of supervised release, a $25,000 fine, forfeiture of $2,027,845, and the $200 mandatory, special assessment ($100 on each count of conviction). His term of incarceration was later reduced to 360 months, pursuant to amendments to the United State Sentencing Guidelines. (ECF No. 363.)

Since the affirmance of his conviction and sentence, Vondette has filed a number of motions and appeals, including successive petitions for habeas relief pursuant to 28 U.S.C. § 2255, the most recent of which was denied on August 30, 2018. *See Vondette v. United States*, 18-1667 (2d Cir. July 9, 2018).[1]

---

[1] A copy the Second Circuit's most recent decision is attached to the government's opposition to this motion. (ECF No. 556-1.)

### B. Procedural History

On June 18, 2018, Vondette moved to correct an error in the judgment regarding the $200 special assessment, under Rule 36, asserting that the court clerk had made a clerical error. (*See* Mot.)

On September 7, 2018, the government submitted a response, arguing that no error in the judgment exists. (ECF No. 556.) Thereafter, on November 9, 2018, Vondette submitted a reply in support of his argument that the court clerk simply made a clerical error regarding the special assessment, and in doing so, violated the Ex Post Facto Clause. (ECF No. 560.)

The Court has fully considered the parties' submissions and the underlying record.

## II. DISCUSSION

### A. Special Assessment § 3013

18 U.S.C. § 3013 is the special assessment that is imposed on convicted persons. This penalty is imposed "upon each convicted defendant, [and varies] with the seriousness of the crime of which the defendant has been convicted." *United States v. Griffin*, 884 F.2d 655, 656 (2d Cir. 1989). The purpose is to raise funds to support local, state, and federal victim assistance and compensation programs and to punish offenders; it is mandatory. *See United States v. Pagan*, 785 F.2d 378, 380 (2d Cir. 1986) (holding that imposition of special assessment is mandatory and sentence lacking such an assessment is illegal).

The special assessment statute has been amended several times since its inception, most recently in 1996, substituting the original penalty amount of $50 with $100 in subsection (a)(2)(A), for a felony offense

against the United States if the defendant is an individual person. 18 U.S.C. § 3013.

B. Rule 36

Vondette argues, pursuant to Rule 36, that the clerical error is found in the fact that the Court misinterpreted when the crime was committed and asserts, as a result, the clerk made a clerical mistake when transcribing the special assessment imposed in Judge Platt's original sentence. (*See* Mot.) In particular, Vondette submits that the special assessment in the amount of $200 is not the accurate amount to be applied to his felony conspiracy convictions because the 1996 amendment to § 3013, which among other things, increased the amount of $50 to $100 for felonies, should not have been used when the start of his alleged crimes began prior to that change in the law. (Mot. at 4-6.) Vondette, therefore, seeks to correct the special assessment penalty under Rule 36.

Although Vondette casts his motion under Rule 36, he is not raising a clerical issue. There is no transcription issue. The judgment reflects the special assessment imposed at sentencing by Judge Platt – namely, $200. Instead, Vondette is arguing that there was a legal error by the sentencing court, including a constitutional claim under the Ex Post Facto Clause. However, Rule 36 is unavailable where the correction is aimed at remedying an error of law, not an error of transcription. *United States v. Werber*, 51 F.3d 342, 348 (2d Cir. 1995) (instructing only clerical errors are able to be corrected under Rule 36, and not legal errors made by court). In other words, "Rule 36 applies only to clerical mistakes and errors in the record; it does not authorize substantive alteration of a final judgment." *Marmolejos v. United States*, 789 F.3d 66 (2d Cir. 2015) (quoting *United States v. DeLeo*, 644 F.2d 300, 301 (3d Cir. 1981)). Thus, a petitioner who seeks "to challenge the legality of the *imposition* of a sentence by a court" may not use Rule 36 for that purpose but may file an application pursuant to 28 U.S.C. § 2255. *Garcia-Cruz v. United States*, 270 F. Supp. 2d 353, 355 (S.D.N.Y. 2003) (quoting *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997)).

In short, because there were no clerical mistakes in Judge Platt's judgment with to the imposition of the special assessments pursuant to Section 3013, Vondette's motion is denied.[2]

C. The Merits

Even assuming *arguendo* that Vondette's claim could be brought under Rule 36, his claim has no merit.

Vondette, relying upon *Miller v. Florida*, 482 U.S. 423 (1987), argues that the $100 special assessment violates the Ex Post Facto Clause because he believes he is being subjected to a retroactive increased penalty. In *Miller*, the Supreme Court held that imposition of a sentence based upon amendments to the Sentencing Guidelines that came into effect after the completion of the defendant's crime violated the Ex Post Facto Clause. *Miller*, 482 U.S. at 429-32. Furthermore, Vondette cites to *United States v. Cacace*, 289 Fed. App'x 440 (2d Cir. 2008), where the Second Circuit held that, under the Ex Post Facto Clause, the district court erred in ordering a special assessment penalty of $100 because the special assessment must be applied as it existed at the time of Cacace's completed crime in 1988, when the penalty was $50.

---

[2] In order to bring this challenge under Section 2255, Vondette would need authorization from the Second Circuit because it would be a successive petition. *See* 28 U.S.C. § 2255(h); *see also Vondette v. United States*, 18-1667 (2d. Cir. July 9, 2018) (denying leave to file a successive Section 2255 motion regarding challenge to forfeiture because "[p]etitioner has not made a prima facie showing that the requirements of 28 U.S.C. § 2255 (h) are satisfied").

3

However, the Ex Post Facto Clause is not implicated here, and neither *Miller* nor *Cacace* have any application under the facts of this case. It is well settled that a conspiracy is a "continuing crime" that is "not complete until the purposes of the conspiracy have been accomplished or abandoned." *See, e.g., United States v. Pizzonia*, 577 F.3d 455, 466 (2d Cir. 2009); *accord United States v. Eppolito*, 543 F.3d 25, 47 (2d Cir. 2008). Here, Vondette was convicted of two conspiracies: one that began in 1980 and ended in 1997, and another that began in 1986 and ended in 2000. Therefore, both conspiracies ended after the 1996 amendment to Section 3013, raising the special assessment to $100. Where conspiracy offenses straddle effective dates of new amended law, the defendant will be sentenced under the new statute because it is applied as of the completion date of that crime. *See United States v. Story*, 891 F.2d 988, 993-96 (2d. Cir. 1989). Accordingly, there is no violation of the Ex Post Facto Clause in the imposition of the $100 special assessment on each count.

### III. CONCLUSION

For the foregoing reasons, Vondette's motion under Rule 36 to correct the special assessment on his counts of conviction is denied.

SO ORDERED.

JOSEPH F. BIANCO
United States Circuit Judge
(sitting by designation)

Dated: August 12, 2019

\* \* \*

Petitioner, Michael Vondette, is proceeding *pro se*. Respondent, the United States, is represented by Richard P. Donoghue, United States Attorney, and Burton T. Ryan, Jr. Assistant United States Attorney.