UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
UNITED STATES OF AMERICA,

      -against-                 <u>MEMORANDUM & ORDER</u>
                                     97-CR-1010(JS)
MICHAEL J. VONDETTE,

                      Defendant.
--------------------------------X
APPEARANCES
For United States:  Burton T. Ryan, Jr., Esq.
                  United States Attorney's Office
                  Eastern District of New York
                  610 Federal Plaza
                  Central Islip, New York 11722

For Defendant:      Tracey E. Gaffey, Esq.
                  Federal Defenders of New York
                  770 Federal Plaza
                  Central Islip, New York 11722

SEYBERT, District Judge:

      Defendant Michael J. Vondette ("Defendant") seeks a reduction of his sentence, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(l)(A), in light of health concerns surrounding the COVID-19 pandemic, his age, and his underlying medical conditions. (Mot., ECF No. 591; Gov't Opp., ECF No. 592.) For the reasons set forth below, the motion is GRANTED.[1]

---

[1] Separately, on or around April 9, 2020, Defendant, <u>pro</u> <u>se</u>, moved this Court to reduce his sentence pursuant to the First Step Act of 2018, as applied retroactively to certain provisions of the Fair Sentencing Act. (<u>See</u> FSA Mot., ECF No. 582.) The Government opposed the motion. (Gov't FSA Opp., ECF No. 586.) The Court declines to rule on this earlier motion in light of the disposition of the instant compassionate release motion. <u>See</u>, <u>e.g.</u>, <u>United</u> <u>States v. Rios</u>, No. 94-CR-0112, 2020 WL 7246440, at *1 n.1 (D. Conn. Dec. 8, 2020) (declining to rule on defendant's earlier

BACKGROUND

The Court presumes familiarity with the facts of this case that have been recited in prior orders and decisions from this Court and the Second Circuit. See, e.g., Vondette v. United States, No. 97-CR-1010, 2019 WL 3779894, at *1 (E.D.N.Y. Aug. 12, 2019) (Bianco, J.). By way of brief background, in October 1997, Defendant was indicted and arrested for his involvement in an international drug conspiracy. (Indictment, ECF No. 1.) On November 9, 2000, the Government filed a two-count Superseding Indictment charging Defendant with conspiracy to distribute (and possess with intent to distribute) controlled substances from January 1980 through October 30, 1997, in violation of 21 U.S.C. §§ 841 (b)(1)(A), 841 (b)(1)(C), and 846, and one count of conspiracy to launder money from October 27, 1986 through January 30, 2000, in violation of 18 U.S.C. §§ 1956 (a)(1)(A)(i) and 1956 (a)(1)(B)(i). (Superseding Indictment, ECF No. 231.) After a trial before the Honorable Thomas C. Platt, on June 6, 2001, a jury convicted Defendant of both counts. (Cal. Entry, ECF No. 364.)

On September 3, 2002, Judge Platt sentenced Defendant to a term of 480 months' incarceration, followed by five years'

---

motion, filed pursuant to the First Step Act and seeking a sentence reduction, in light of the court's ruling on defendant's subsequent motion seeking compassionate release).

supervised release, a $25,000 fine, forfeiture of $2,027,845, and the mandatory $200 special assessment.  (Cal. Entry, ECF No. 404; Sent'g J., ECF No. 405.)  On September 19, 2017, the Honorable Joseph F. Bianco[2] reduced the term of incarceration to 360 months pursuant to amendments to the United State Sentencing Guidelines. (Order, ECF No. 552; Am. Sent'g J., ECF No. 554.)  Defendant has filed a number of motions and appeals, including successive petitions for habeas relief pursuant to 28 U.S.C. § 2255, the most recent of which was denied on November 30, 2020.  See United States v. Vondette, No. 20-1052, ECF No. 32 (2d Cir. Nov. 30, 2020).

Defendant, who has been detained for approximately 23 years, is currently incarcerated at Federal Correctional Institution Sheridan ("FCI Sheridan") and is expected to be released on May 14, 2023.  See BOP.gov, www.bop.gov/inmateloc/index.jsp (last visited Dec. 17, 2020). According to the information maintained by the Bureau of Prisons ("BOP") for FCI Sheridan, as of December 16, 2020, 5 inmates and 10 staff members are listed as "positive" for COVID-19 and 8 inmates are listed as "recovered" from the virus.  See COVID-19 Cases, Bureau of Prisons, http://www.bop.gov/coronavirus/ (last visited Dec. 17, 2020).

---

[2] This matter was reassigned to the undersigned on March 26, 2020.

3

DISCUSSION

I.   Legal Standard

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Rabuffo, No. 16-CR-0148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020) (quoting United States v. Gotti, No. 02-CR-0743, 2020 WL 497987, at *1 (S.D.N.Y. Apr. 6, 2020)). The First Step Act, which modified 18 U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Under the statute, courts have discretion to grant compassionate release when there are (1) "extraordinary and compelling reasons" that warrant a sentence reduction, (2) the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the sentence reduction "is supported by the factors set forth in 18 U.S.C. § 3553(a)." United States v. Canales, No. 16-CR-0212, 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d. Cir. 2020); see id. at 236 (finding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the BOP], Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling"). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Id. at 237-38 (quoting 28 U.S.C. § 994(t)) (emphasis and alteration in original).

Even where extraordinary and compelling reasons exist, the Court must "consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-CR-0057, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020) (citation omitted). A defendant "bears the burden of showing that his release is justified." United States v.

5

Patterson, No. 06-CR-0080, 2020 WL 3451542, at *1 (S.D.N.Y. June 23, 2020).

II.   Analysis

        The parties do not dispute that Defendant exhausted his administrative remedies.  The Court thus turns to the merits.

    A. Extraordinary and Compelling Reasons

        Defendant argues his age, underlying health conditions, and institutional record are "extraordinary and compelling" reasons that justify his release.  (See generally Mot.) Specifically, Defendant, who is 70 years old, suffers from chronic obstructive pulmonary disease ("COPD"), supraventricular tachycardia ("SVT"), hepatitis C, spondylosis and degenerative disc disease, blood in his urine, and degeneration of his retina. (Id.; see also Med. Recs., Mot., Ex. A, ECF No. 591-1.)  If released, Defendant will reside at Blanchet House, a non-profit organization that provides housing to men in a clean and sober environment.  (Mot. at 3; Blanchet House Acceptance, Ex. C, Mot., ECF No. 591-3.)  The Government opposes the motion and argues that Defendant's age and medical conditions are not "extraordinary and compelling" because the limited records reflect that his medical conditions "appear[] normal for a man of his age."  (Gov't Opp. at 4-5.)

        Upon a review of the submissions, the Court finds that Defendant established "extraordinary and compelling reasons" to

modify his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  Defendant's
records suggest that he suffers from COPD, SVT, hepatitis C, and
spondylosis and degenerative disc disease.  Under the standards
provided by the Centers for Disease Control and Prevention (the
"CDC"), Defendant's age and COPD diagnosis place him at risk of
severe complications from COVID-19.  See Older Adults, Coronavirus
Disease 2019 (COVID-19), https://www.cdc.gov/coronavirus/2019-
ncov/need-extra-precautions/older-adults.html (last updated Dec.
13, 2020) (noting people between 65 and 74 years of age are five
times more likely to require hospitalization and 90 times more
likely to die from complications due to COVID-19); People with
Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-
ncov/need-extra-precautions/people-with-medical-conditions.html
(last updated Dec. 1, 2020) (noting people with COPD, among other
issues, are at high risk of complications from COVID-19).  "Since
the outbreak of the COVID-19 pandemic, numerous courts within this
Circuit have held that a defendant's pre-existing health
conditions in combination with the increased risks of COVID-19 in
prisons constitute 'extraordinary and compelling reasons'
warranting relief."  United States v. De La Cruz, No. 17-CR-0150,
2020 WL 6193891, at *3 (D. Conn. Oct. 22, 2020); United States v.
Rice, No. 83-CR-0150, 2020 WL 4505813, at *3 (S.D.N.Y. Aug. 5,
2020).  While the medical records are not extensive, "defendant's
age and medical condition, taken in concert [ ] with the COVID-19

public health crisis, constitute an extraordinary and compelling reason to reduce [his] sentence." United States v. McCarthy, 453 F. Supp. 3d 520, 527 (D. Conn. 2020) (collecting cases).

B. The 3553(a) Factors

Although the parties do not addresses the Section 3553(a) factors, the Court has considered them and finds they weigh in favor of release.  See 18 U.S.C. § 3582(c)(1)(A)(i).  Defendant was convicted and sentenced for his direct involvement in "one of the world's largest drug smuggling enterprises" for which he was solely "responsible for the purchase and resale of almost nine tons of hashish having a street value of at least eighteen million dollars ($18,000,000)."  United States v. Vondette, No. 97-CR-1010, 2007 WL 1120432, at *1 (E.D.N.Y. Apr. 13, 2007) (Platt, J.), aff'd, 351 F. App'x 502 (2d Cir. 2009).  It is thus true that the "severity of [Defendant's] conduct remains unchanged;" however, the "environment where [he] is serving his sentence" has certainly changed.  United States v. Zukerman, 451 F. Supp. 3d 329, 336 (S.D.N.Y. 2020) ("When the Court sentenced [Defendant], the Court did not intend for that sentence to 'include incurring a great and unforeseen risk of severe illness or death' brought on by a global pandemic." (quoting United States v. Rodriguez, No. 03-CR-0271, 451 F. Supp. 3d 392, 407 (E.D. Pa. Apr. 1, 2020))).

Defendant has been incarcerated for nearly 23 years, with approximately two and a half years remaining on his sentence.

The time already served is "substantial . . . as befits the nature and circumstances of the offense." United States v. Mongelli, No. 02-CR-0307, 2020 WL 6449237, at *3 (E.D.N.Y. Nov. 3, 2020). Moreover, Defendant has taken significant steps towards rehabilitation[3] and "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." Pepper v. United States, 562 U.S. 476, 491 (2011). The Court credits Defendant's 23-year disciplinary record and notes that "the absence of any disciplinary infraction related to violence or drug use, demonstrates that he is unlikely to commit future criminal acts or pose a danger to the community." United States v. Yu, No. 90-CR-0047, 2020 WL 6873474, at *5 (S.D.N.Y. Nov. 23, 2020); BOP Sentry Classification, Ex. B, Mot., ECF No. 591-2; Third PSR, Ex. D, Mot., ECF No. 591-4. Therefore, the period of incarceration that Defendant has already served, with the forthcoming period of supervised release, is sufficient but not greater than necessary and complies with the purposes of sentencing under Section 3553(a).

---

[3] See Mot. at 4-5; Ex. E, Mot., ECF No. 591-5; Ex. F., Mot., ECF No. 591-6.

<u>CONCLUSION</u>

For the reasons stated herein, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 591) is GRANTED.  The Court hereby ORDERS that:

(1)  Defendant's sentence is modified to time served, with the remainder of the sentence he would otherwise have served (as calculated by the BOP) to be served on supervised release, a special condition of which is that the first six (6) months of Defendant's release be spent in home confinement, except as necessary for work and his receipt of medical care;

(2)  Defendant's release is conditioned on Defendant advising Blanchet House of this Memorandum and Order and Blanchet House's timeline for his acceptance;

(3)  Defendant will continue to be subject to the previously imposed term(s) of supervised release, including all standard, mandatory, and special conditions of supervision delineated at sentencing by the Court; and

(4)  The Clerk of the Court shall TERMINATE all other pending motions as MOOT.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December __17__, 2020
       Central Islip, New York

10